EDWARD C. WOOLDRIDGE *vs.* JOSEPH E. WOLF.

Suffolk.    October 22, 1925. — November 30, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract*, Consideration, Performance and breach.    *Mortgage*, Of personal property.

In the sale of a printing plant, payment of a part of the purchase price was secured by a mortgage from the vendee to the vendor, and the parties further agreed in writing that the vendor would "give to the said" vendee "an amount of work each week which shall not be less than the sum of $125 in labor at the then prevailing trade price and whatever amount he shall give him which shall be over the said amount of $125 per week for labor then the said amount over and above the said $125 shall be applied in reduction of the principal of the said mortgage."   In a suit in equity by the vendee against the vendor to enjoin a foreclosure and for an accounting, it was *held*, that
      (1) The contract was not ambiguous;
      (2) The contract could not properly be construed to mean that the vendor was to pay the vendee sums averaging $125 a week, or that the vendee was to have credit against the mortgage only for the aggregate excess of the total amounts of work done over the total amounts paid;
      (3) As the contract was not ambiguous, the conduct of the parties, or the construction they may have adopted of its terms, could not affect their rights or obligations thereunder;
      (4) A provision, that "The term of this agreement is one year or such time as said mortgage back is paid," was not of doubtful meaning;
      (5) Under the contract, the vendee was entitled each week to receive from the defendant $125 worth of work to do; the vendee was entitled, in any week when the amount of work exceeded $125, to have the excess credited to him on the mortgage note, even if in some weeks an amount of work not equalling $125 was furnished by the vendor.

BILL IN EQUITY, filed in the Superior Court on March 18, 1925, and afterwards amended, seeking an accounting under the agreement in writing described in the opinion, the enjoining of the foreclosure of a mortgage of personal property, and its cancellation.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The record discloses no exceptions to the report.   The suit was heard upon the pleadings and the master's report by

*Morton,* J., by whose order there was entered a final decree in substance that there was due the defendant on the mortgage, including interest, the sum of $1,205.24. The plaintiff appealed.

The case was submitted on briefs.

*R. W. Hale, D. H. Dorr,* & *L. E. Thayer,* for the plaintiff.

*F. J. Rogers,* for the defendant.

CROSBY, J. On or about June 1, 1922, the plaintiff purchased from the defendant a printing plant for the sum of $6,500. The consideration for such purchase was the payment in cash of $2,000, a note for $500 (which was paid at maturity), and a mortgage on the plant for $4,000 to secure the balance of the purchase price. At the same time, and as part of the same transaction, a written agreement was entered into by the parties wherein it was recited that the sale had been made by the defendant to the plaintiff for the sum of $6,500, that $2,000 had been paid in cash, and a note given for $500, and that a mortgage of $4,000 payable in one year from date with interest had been given.

The agreement in part is as follows: "The said Wolf hereby agrees to give to the said Wooldridge an amount of work each week which shall not be less than the sum of One Hundred and Twenty-five Dollars in labor at the then prevailing trade price and whatever amount he shall give him which shall be over the said amount of One Hundred and Twenty-five Dollars per week for labor then the said amount over and above the said One Hundred and Twenty-five Dollars shall be applied in reduction of the principal of the said mortgage, so that if for example the said Wolf shall give to the said Wooldridge during a certain week the sum of Two Hundred and Fifty Dollars in labor, he shall pay to the said Wooldridge the sum of One Hundred and Twenty-five Dollars and shall apply the balance of One Hundred and Twenty-five Dollars on account of the principal of the said mortgage." The contract was thereafter modified to the extent that from and after November 21, 1923, the weekly payments in excess of $100 each, rather than $125 each as formerly, were to be made. The agreement further provided that "The term of this agreement is one year or such time as

said mortgage back is paid." Thereafter the defendant furnished work to the plaintiff, who performed it, and the defendant made payments on account thereof.

The plaintiff brings this bill alleging that the defendant has begun proceedings for the foreclosure of the mortgage; that the mortgage has been paid; and that the defendant owes him approximately $2,000, the excess of labor performed. The prayers of the bill are that the defendant be enjoined from foreclosing the mortgage; that it be ordered cancelled; and that the defendant pay the amount due under the contract in excess of the amount of the mortgage. The case was referred to a master upon whose report a decree has been entered in the Superior Court adjudging that there is due the defendant on the mortgage, including interest, the sum of $1,205.24.

Although the recitals in the agreement are somewhat complicated, it is not ambiguous. It expressly recites that the defendant agrees to give the plaintiff each week work to an amount of not less than the sum of $125 in labor, and that whatever amount so given as shall be over that sum for labor shall be applied in reduction of the principal of the mortgage; that the parties shall have an accounting on Saturday of each week beginning on June 10, 1922, "and accounting to be had on Saturday of each and every week thereafter." The contract cannot properly be construed to mean that the defendant is to pay the plaintiff sums averaging $125 a week, or that the plaintiff is to credit against the mortgage only the excess of the total amount of work done over the total amounts paid. As the contract is not ambiguous, the conduct of the parties, or the construction they may have adopted of its terms, cannot affect their rights or obligations thereunder. *Menage* v. *Rosenthal,* 175 Mass. 358. *O'Brien* v. *Peck,* 198 Mass. 50. The provision that "The term of this agreement is one year or such time as said mortgage back is paid" is not of doubtful meaning. It is manifest that if the amount due on the mortgage is paid in one year the agreement is at an end; otherwise it is to remain in force until the amount due on the mortgage is fully liquidated by work. The findings of the master must stand as the evidence is not reported.

We further construe the contract as entitling the plaintiff each week to receive from the defendant $125 worth of work to do; that the plaintiff is entitled to whatever over payment as results from the payment of $125, even if in certain weeks that amount of work is not furnished by the defendant; and that the same should be credited on the mortgage.

As there is no finding that the defendant failed to furnish the required work by reason of his desire to give to other persons any portion of his work, as he was entitled to do under the contract, that provision does not affect the right of the plaintiff to receive work at least to the amount stipulated.

Upon such construction of the contract and accounting, the master finds that the amount of the mortgage, with interest to March 18, 1925, is $4,197.19; that the plaintiff is entitled to credits in excess of the application of payments made by the defendant in the sum of $5,645; that there is a balance due the plaintiff of credits in excess of the mortgage of $1,447.81, and that in addition thereto the plaintiff is entitled to a credit of $103.25 for work performed and not specially paid for. Inasmuch as the defendant has undertaken to foreclose the mortgage and thereby has violated the terms of the agreement, the plaintiff may treat it as at an end. He is entitled to the relief which he seeks under the prayers of the bill.

It results that the decree is to be reversed, and a decree entered ordering the defendant to discharge the mortgage, and surrender the note to the plaintiff; and further directing the defendant to pay the plaintiff the sum of $1,551.06, with costs.

*Ordered accordingly.*