STONY BROOK RAILROAD CORPORATION *vs.* BOSTON
AND MAINE RAILROAD.

Middlesex.     December 9, 1926. — June 30, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Landlord and Tenant*, Construction of lease: covenant to pay taxes.
*Contract*, In writing; Construction: conduct of parties.   *Tax*, Income.
*Evidence*, Extrinsic affecting writings.

A provision in a lease, delivered in 1890 by one railroad corporation to
another, of a railroad with all lands, stations and other buildings and
all easements, fixtures and appurtenances connected therewith, "Said
second party [the lessee] further agrees that it will pay all public taxes,
assessments and charges whatsoever on the property, franchise or
capital stock of said first party [the lessor] that shall be placed or
assessed upon said first party or upon its stockholders residing in Massa-
chusetts," does not require the lessee nor its successor to repay to the
lessor a Federal income tax assessed upon and paid by the lessor under
42 U. S. Sts. at Large, 252, upon rental received by it under the lease.

The language of the provision above quoted is unambiguous and, in an
action for a repayment of the tax, conduct of the parties under it should
not be admitted as evidence.

Even if the conditions under which the lease above described was executed
indicate a purpose that the rent to be received by the lessor was to be a
net sum for distribution among its stockholders, such fact could not
override the unambiguous words which the parties used to express their
intent: this court cannot speculate as to what the parties might have
said by their contract if, at the time of its execution, the present taxa-
tion situation had been directly brought to their attention.

CONTRACT with a declaration described in the opinion.
Writ dated January 2, 1925.

The defendant demurred to the declaration.  The demurrer
was heard by *McLaughlin*, J., and was overruled.  The
defendant appealed.

The action then was heard upon its merits by *Lawton*, J.,
without a jury.  Material facts are stated in the opinion.
In reaching his conclusions, the judge considered evidence
showing "a course of conduct of the parties in the construc-
tion of the lease with respect to the defendant's obligation
to pay such taxes."   The judge found for the plaintiff in the
sum of $652.55.   The defendant alleged exceptions.

*A. R. Tisdale,* for the defendant.

*A. Marshall,* for the plaintiff.

RUGG, C.J.    This is an action of contract whereby the plaintiff seeks to recover from the defendant the amount of an instalment of the income tax assessed by the United States against the plaintiff and paid by it.    The income on which this tax was levied consists of payments in the nature of rental made to the plaintiff by the defendant.    The plaintiff was incorporated under the laws of this Commonwealth and owns a railroad located wholly within this Commonwealth.    The plaintiff leased its railroad and all its railroad property to the Boston and Lowell Railroad Corporation for a term of ninety-nine years from January 1, 1890.    The defendant is now the successor to all the obligations imposed upon the original lessee.    The lease contained this clause respecting the payment of taxes: "Said second party [the lessee] further agrees that it will pay all public taxes, assessments and charges whatsoever on the property, franchise or capital stock of said first party [the lessor] that shall be placed or assessed upon said first party or upon its stockholders residing in Massachusetts."    The tax here sought to be recovered was imposed under c. 136, § 230, of the revenue act of November 23, 1921; 42 U. S. Sts. at Large, 252.    The material words of that section are that in lieu of taxes imposed by an earlier law "there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax at the following rates: (a) For the calendar year 1921, 10 per centum of the amount of the net income in excess of the credits provided in section 236; and (b) For each calendar year thereafter, $12\frac{1}{2}$ per centum for such excess amount."    Stated narrowly, the question, is, whether the Federal income tax thus levied is comprehended within the clause in the lease above quoted.

The question, whether a Federal income tax is included within the terms of an agreement to pay taxes, has arisen in several of our cases.    The determination of any such question depends upon the words of the contract, the context in which they occur, and the subject matter to which they are applied.    It will be helpful to examine our own

cases and some from other courts.   In *Codman* v. *American Piano Co.* 229 Mass. 285, the covenant in a lease of real estate was to pay "all taxes and assessments whatsoever which may be payable for or in respect of the leased premises during the term thereof, except assessments for betterments." It was held that these words did not include income tax assessed to the lessor.   In *Greenburg* v. *Bopp*, 251 Mass. 433, it was held that an agreement by the lessee to "assume and pay upon these premises all taxes, assessments and betterment assessments however laid or levied during the entire term of this lease" did not include Federal income taxes on the rent received by the lessor.

On the other hand, in *Suter* v. *Jordan Marsh Co.* 225 Mass. 34, a covenant to pay "all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect to the said leased premises, or any part thereof, or upon or in respect to the rent payable hereunder by the Lessee, howsoever and to whomsoever assessed," was held to include the income tax assessed upon the lessor on account of the rent received under the lease.   It was held in *Kimball* v. *Cotting*, 229 Mass. 541, that a covenant "to pay and discharge any taxes or excises . . . levied or assessed to either the Lessors or the Lessees upon or against the rent payable hereunder . . . whether levied or assessed upon the same as rental or income," included the Federal income tax assessed to the lessor in respect to the rent received under the lease.   In *Kimball* v. *Cotting*, 234 Mass. 172, it was held that a covenant by the lessee to "pay and discharge any taxes or excises which during the term may be lawfully levied, laid or assessed upon or against the rent payable hereunder, whether levied or assessed upon the same as rental or as income of any person or persons entitled thereto," included the normal Federal income tax and surtax. To the same general effect are *North Pennsylvania Railroad* v. *Philadelphia & Reading Railway*, 249 Penn. St. 326, *Schlafly* v. *D'Arcy*, 1 Fed. Rep. (2d) 297, and *Philadelphia City Passenger Railway* v. *Philadelphia Rapid Transit Co.* 263 Penn. St. 561, in all of which words embracing un-

equivocally tax on income received from the rental are found in the agreements upon which the decisions turn.

Questions of a similar nature have arisen in other jurisdictions: Agreements to pay "all expenses . . . including taxes, assessments," *Illinois Central Railroad* v. *Indianapolis Union Railway*, 6 Fed. Rep. (2d) 830; "all taxes, assessments and municipal or governmental charges, general and special, ordinary and extraordinary, of every nature and kind whatsoever, which may be (a) levied, imposed or assessed upon the real estate hereby demised . . . or (b) . . . upon any interest of the lessor in or under this lease; or (c) which the lessor shall be required to pay by reason of or on account of his interest in the real estate hereby demised," *Young* v. *Illinois Athletic Club*, 310 Ill. 75, 77; "all taxes and assessments which may be levied or become chargeable on the said road or property or upon" the lessor "by reason of its ownership thereof," *Brainard* v. *New York Central Railroad*, 242 N. Y. 125; "all taxes or assessments special, or otherwise, and public charges of every kind and nature that shall or may be taxed or assessed against the . . . Company or its property," *Des Moines Union Railway* v. *Chicago Great Western Railway*, 188 Iowa, 1019; "all rates, taxes, charges for revenue and otherwise, assessments and levies, general and special, ordinary and extraordinary of every name, nature and kind whatsoever . . . which may be taxed, charged, assessed, levied or imposed upon said premises, and upon any and all buildings and improvements thereon and any personal tax levied or assessed upon said party of the first part, which may be assessed, levied or imposed upon the leaseholder estate hereby created and upon the reversionary estate upon said premises . . . the intent hereof being to insure to said party of the first part a net rental hereunder, not chargeable with any burdens by way of taxes, or otherwise, resulting in the diminution of the same," *Park Building Co.* v. *Yost Fur Co.* 208 Mich. 349; "all taxes, duties and assessments, of every name and nature, that may accrue or be assessed, charged or levied upon said demised premises or any part thereof, and upon the receipts for transportation of persons and property on said demised railroads, and upon the busi-

ness of said demised railroads . . . by the State or national government," *Sharon Railway* v. *Erie Railroad,* 268 Penn. St. 396; "all taxes, charges and assessments which . . . shall be assessed or imposed under any existing or future law on the demised premises or any part thereof or on the business there carried on, or on the receipts, gross or net, derived therefrom, . . . for the payment or collection of any of which said taxes the said Catawissa company may otherwise be or become liable or accountable under any lawful authority whatever," *Catawissa Railroad* v. *Philadelphia & Reading Railway,* 255 Penn. St. 269, all have been held not to include the obligation to pay Federal income taxes. The ground of these decisions is that the words used to express the agreement of the parties, fairly construed, were not broad enough to comprise such taxes.

As matter of authority, the plaintiff fails to show support for its contention in decided cases.

If the question be examined apart from authority and upon grounds of reason, the same result is reached. It is to be observed that the agreement as to taxes occurs in a lease of a railroad. The description of the leased property is confined to the railroad with all lands, stations and other buildings and all easements, fixtures and appurtenances connected therewith. That is the property leased. Covenants and agreements in a lease of such property naturally are confined in operation to the property so leased unless otherwise expressly provided.

Analysis of the words of the lease leads to the conclusion that the plaintiff cannot recover the income tax thus paid. "All public taxes, assessments and charges whatsoever" are broad enough to include an income tax provided the connection shows that those words are applicable to that kind of tax. Those words of the lease are restricted to the "property, franchise or capital stock" of the lessor or its stockholders. It thus appears that "property" was not used in its comprehensive sense, because "franchise" and "capital stock" are property in its broad signification but they were specified by the parties in addition to "property." This enumeration excludes "income" from the subjects on

which the lessee agrees to pay the governmental imposts. The tax on the "net income" of the plaintiff under said § 230, manifestly was not levied on the "franchise" or "capital stock" of the plaintiff. Neither the franchise nor capital stock of the plaintiff was named in the lease as a subject of the demise. To require the lessee to pay the taxes on "franchise" and "capital stock" the parties used unmistakable words to that end. The omission of income in this connection imports that it was not intended to require the lessee to pay taxes assessed on income. A tax on the "property" of a railroad corporation in its common acceptation as used in these circumstances would be thought to mean physical or tangible assets. It is sometimes so used in tax laws. *Simplex Electric Heating Co.* v. *Commonwealth,* 227 Mass. 225, 230. The lease by the plaintiff included such "property." It could not include the income of the plaintiff because that consisted chiefly, if not exclusively, of the rent reserved under the lease. The natural as well as the legal significance of income in connection with taxation is something different from property. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 526, 527. Doubtless income when received is property. But a tax on the income of a corporation is not imposed directly on its property but against the gain or revenue derived from its property. Income is something derived from property, labor, skill, ingenuity or sound judgment, or from two or more in combination. It is not commonly thought of as property but as gain derived from property or some other productive source. The natural signification of the agreement to pay "taxes . . . on the property" of the plaintiff is to pay taxes levied because of ownership and not those levied on the receipt of rental. Nothing about the words of this agreement suggests income. When it is the purpose of parties to a lease to include a tax assessed upon the income derived by the lessor from the rent received, it is simple to employ words expressive of that purpose. That has not infrequently been done, as is shown by cases already cited. See, for example, *Suter* v. *Jordan Marsh Co.* 225 Mass. 34. The distinction between taxes on property and taxes on

income is well established. The tax on the rental received from property is not the same as a tax on the property itself. An assessment upon income is an assessment upon a subject different from a tax upon property. The words used in the present lease and the connection in which they occur bear no implication that the lessee agreed to pay a tax assessed to the plaintiff on the rent it might receive under the lease. In the common acceptance of words, a tax upon income has come to mean something different from a tax on property. The cases already cited and reviewed demonstrate this. As to the nature of the Federal income tax, see *Brushaber* v. *Union Pacific Railroad*, 240 U. S. 1, 17–19. The specification in the case at bar of certain taxes to be paid by the lessee makes clearer the intention of the parties that other taxes commonly described by a different name are to rest upon the lessor if so assessed, and that the general rule is to be followed to the effect that taxes in the absence of agreement rest on the lessor and not on the lessee. *Boston Molasses Co.* v. *Commonwealth*, 193 Mass. 387, 391.

Reliance is placed by the plaintiff on the portion of the decision in *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429, 581, to the effect that a tax upon income derived from property is a tax upon the property, and that hence a tax on the income from real estate was a direct tax and unconstitutional, and also on the discussion of a somewhat analogous question of constitutional law in *Opinion of the Justices*, 220 Mass. 613, 623, 624. The point before the court in each of these instances was quite different from the one here presented. See *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545. As was said in *Brainard* v. *New York Central Railroad*, 242 N. Y. 125, at page 133, "We are construing an agreement; not determining the constitutionality of a taxing statute. In *Pollock* v. *Farmers L. & T. Co.* (157 U. S. 429) it was held that a tax on rents or income received from real estate was a tax on real estate. Obviously this was no ruling on the distinct question whether a tax on rent was a tax assessed on land or by reason of the ownership thereof. The distinction is pointed out in . . . [*Woodruff* v. *Oswego Starch Factory*, 177 N. Y. 23, at page 29] . . .

where the court said: 'A tax upon rents may, doubtless, be regarded, in legal theory, as a tax upon the land; but, while as a general proposition that may be true, it has no influence upon the question here,' *i.e.*, the question of the liability of the lessee to pay the taxes on the rents." As was succinctly said of the Pollock case in *Codman* v. *American Piano Co.* 229 Mass. at page 289, "The court did not consider or decide that a tax on rent was a tax for or in respect to the premises from which the rent was derived. That is a wholly different question."

Although the conduct of the parties in the construction of a contract of doubtful meaning is important evidence of its true signification, *Southborough* v. *Boston & Worcester Street Railway*, 250 Mass. 234, 239, we are of opinion that the clause of the lease here in question is too clear to warrant resort to that conduct. The conduct of the parties, while it may illuminate words of equivocal import, cannot change the rights of the parties as fixed by the unambiguous provisions of a definite contract. *Menage* v. *Rosenthal*, 175 Mass. 358, and cases there collected. *O'Brien* v. *Peck*, 198 Mass. 50, 56. *Wooldridge* v. *Wolf*, 254 Mass. 128, 130.

The argument that the conditions under which the lease was executed indicate a purpose that the rent to be received by the lessor was to be a net sum for distribution among its stockholders cannot overcome the words of the lease by which the parties expressed their intent. We cannot speculate as to what the parties might have said by their contract if, at the time of its execution, the present taxation situation had been directly brought to their attention. We can construe the contract only as they actually made it.

We are of opinion that upon the correct interpretation of the words of the lease, as applied to the subject matter, the lessee did not become obligated to pay the income tax assessed to the plaintiff.

It becomes unnecessary to discuss the other questions argued.

*Exceptions sustained.*
*Order overruling demurrer reversed.*