Gillen, J.
This is an action of contract wherein the plaintiff seeks to recover from the defendant the sum of two hundred fourteen dollars and sixty cents ($214.60) with interest, for money ¡mid out by the plaintiff to a third person under the terms of a Massachusetts Motor Vehicle Liability Policy.
The plaintiff alleges that it issued to the defendant, in January 1938, a motor vehicle liability policy in accordance with the provisions of General Laws, Chapter 90, as amended; that on or about the twenty-third day of July, 1938, the motor vehicle so insured, while being operated by a minor under the age of eighteen years and while in the employ of or with the permission of the defendant contrary to the provisions of General Laws, Chapter 149, Section 62, *525 was involved in an accident on a public highway in Massachusetts; that as a result of this accident, a suit was brought and after trial judgment entered, in amount of one hundred ninety-nine dollars and sixty cents ($199.60) ; a claim was also made which was compromised in the amount of fifteen dollars ($15.00); the plaintiff paid to the injured parties the aggregate sum of two hundred fourteen dollars and sixty cents ($214.60); that the defendant owes it the sum so paid by it with interest at six per cent per annum from January 6, 1939, on or before which date demand for payment was duly made.
The defendant’s answer was a general denial. The following agreed statement of facts was filed:
“1. The plaintiff is an insurance corporation duly organized by law and having an usual place of business in Boston, Massachusetts, and is and was at the times hereinafter referred to, duly licensed and authorized to issue policies of insurance in accordance with the provisions of the General Laws of Massachusetts, Chapter 90, as amended.
2. The defendant is an individual residing at 17 Fabyan Street, Dorchester, Massachusetts.
3. In January, 1938, and throughout the year 1938, the defendant was the owner of a Ford Beach Wagon. Desiring to register the vehicle for operation in Massachusetts in accordance with General Laws, Chapter 90, he procured from the plaintiff a motor vehicle liability policy, a copy of which is annexed to the plaintiff’s amended declaration, and the material portions of which are incorporated herein by reference. Having obtained the required insurance, the defendant registered his said car and operated the same on the highways of Massachusetts.
4. On or about the 23rd day of July 1938, the defendant permitted said motor vehicle to be operated by one of his employees who at the time was less than eighteen (18) *526 years of age. While so operating the defendant’s Ford, in the course of his employment, the employee was involved in an automobile accident on Callendar Street, Dorchester, Massachusetts, a public highway, as a result of which one Daniel Lasovick of Boston, Massachusetts, claimed injuries to his person, and one Jacob Dashef, of said Boston, claimed damage to a push cart owned by him.
5. On the 20th day of October, 1938, said Lasovick brought suits in the Municipal Court of the Dorchester District. of Boston against the said minor and against this defendant, for the injuries alleged to have been sustained by him, as a result of the alleged negligent operation of said motor vehicle. The action was defended by the company. Trial was held on December 12,1938, following which judgments were rendered for the plaintiff in those actions, and executions issued, totaling the sum of one hundred ninety-nine dollars and sixty cents ($199.60). These executions were paid by the plaintiff on December 29, 1938.
6. Claim was made but no suit was brought by Jacob Dashef for the damages to his said push cart, which claim was compromised by the Continental Casualty Company acting in behalf of Max Baron, for the sum of fifteen dollars ($15.00), which was paid on December 29, 1938.
7. General Laws, Chapter 149, Section 62, provides:
“No person shall employ a minor under 18 or permit him to work:
“. . . (1) in operating motor vehicles of any description . . ..”
8. On October 22, 1938, the plaintiff notified the defendant that it deemed him to have violated the terms of the policy by permitting a minor under the age of 18 years to operate his motor vehicle for commercial purposes, and notified him of its intention to look to him for reimbursement of any money which it might be compelled to expend as a result of *527 the suit, and invited the defendant to have his own counsel and enter his appearance and co-operate in the defense of the tort action, and stated that the defense of the action by the insurance company was not to be construed as a waiver of the terms and conditions of the insurance policy.
9. On January 6,1939 the plaintiff notified the defendant of the judgment rendered against him and of the settlement of the claim of Jacob Dashef, and demanded payment of the sums so paid by the plaintiff, to-wit: $214.60. The defendant has not complied with this demand.
It is further agreed by the parties that the court may take judicial notice of the General Laws of Massachusetts as they were in effect at the times of the various events above described, more especially, General Laws, Chapter 90, and Chapter 149, Section 62, and: that the court shall be at liberty to draw from the facts above related and the facts and statutes above set forth all reasonable inferences.”
Before trial and in open court counsel for both parties agreed that the operator of the defendant’s motor vehicle possessed a license to operate said motor vehicle under the laws of the Commonwealth of Massachusetts.
At close of trial and before final arguments the defendant made the following requests for rulings:
1. On all the evidence the finding should be for the defendant. The burden of proof is on the insurer to show facts exempting it from contractual liability. 3. If the court finds that the operator of the defendant’s motor vehicle was not violating General Laws, Chapter 149, Section 62, then there was no breach of the contract and the plaintiff cannot recover. The trial judge denied the defendant’s requests for rulings numbered 1 and 3. And allowed the defendant’s request numbered 2.
The trial judge found the following facts:
*528 “I find on the agreed statement of facts that the provisions of General Laws, Chapter 149, Section 62, were violated by the defendant, Max Baron, and not by the operator of his motor vehicle”, and found for the plaintiff in the sum of two hundred fourteen dollars and sixty cents ($214.60).
The policy referred to was presented to this Division at the time of argument. The trial judge found for the plaintiff. The defendant claims to be aggrieved by the rulings and refusals to rule of the trial judge.
The insured carried Coverage A of the policy, vizi. “Bodily Injury Liability — Statutory — upon the ways of the Commonwealth of Massachusetts.”
The policy refers to Coverage B, viz. “Bodily Injury Liability Division (1) Guest occupant upon the ways of Massachusetts (2) Extra territorial guest occupant (3) Supplementary (any person not included in Divisions (1) and (2).” Coverage C, viz. “Property Damage Liability.”
The policy reads in part: “The terms of this policy shall remain in full force and effect, however, as binding between the insured and the company, and the insured agrees to reimburse the company for any payment made by the company hereunder on account of any accident, claim or suit, involving a breach of the terms of this policy and for any payment the company would not have been obligated to make if exclusions applicable to Coverage B were applicable to this coverage.” (Coverage A.)
The exclusion at issue here is (E) “This policy does not apply under Coverages B and C while the motor vehicle is operated by any person under the age of fourteen years, or by any person in violation of any state, federal or provincial law as to. age applicable to such person or to his occupation, or by any person in any prearranged race or competitive speed test.”
*529 The plaintiff admits that it is liable under the policy to a traveler on the way when the insured is negligent and for that reason made the payments to the injured party under the policy but claims a right of indemnity from the insured for the payments as they were made as a result of a situation created by the insured, namely, a violation of exclusion E above' referred to.
The plaintiff urges that a violation of law by the insured is embraced in this exclusion but we do not think so. The exclusion reads: “While the motor vehicle is operated ... by any person in violation of . . . law as to age applicable to such person or his occupation . . . ”. The language specifically speaks about a violation of law by the operator. If the parties intended to set forth ... a violation of law by the insured relative to the age or occupation of the operator of the motor vehicle — the exclusion does not read that way.
Courts can construe the contract only as actually made. Stony Brook R. R. v. Boston & Maine R. R., 260 Mass. 379 at 386.
In many parts of the policy, restrictions, prohibitions and conditions are imposed on the insured with the word insured specifically used. If the parties intended in the policy under exclusion E to regulate or restrict the course of conduct of the insured in the operation of the motor vehicle they did not say so.
The meaning of a clause in a contract must be construed in connection with the entire instrument. Pittsfield and N. A. R. Corp. v. Boston and Albany R. R. Co., 260 Mass. 390.
We do not think, therefore, that exclusion E embraces the violation of Gen. Laws, Chap. 149, sec. 62 by the insured.
The trial judge found that the insured not the operator *530 of the motor vehicle violated Gen. Laws, Chap. 149, sec. 62.
In our view of the case it does not become necessary to decide whether under the provisions of the policy recovery by the plaintiff would be contrary to public policy.
As the report contains all the facts, either agreed or expressly found, the order is — Judgment for defendant.