HALES W. SUTER & another, trustees, (afterwards John W. Suter, surviving trustee,) *vs.* JORDAN MARSH COMPANY.

Suffolk.    June 19, 1916. — September 20, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Covenant to pay taxes.    *Tax,* United States income tax. *United States Income Tax.*

A covenant in a lease, by which the lessee agrees to pay "all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect of the said leased premises, or any part thereof, or upon or in respect of the rent payable hereunder by the lessee, howsoever and to whomsoever assessed," obliges the lessee to pay a United States income tax imposed upon the rent as income of the lessor.

Accordingly under such a lease a lessee, who in obedience to the law of the United States has "deducted and withheld" from the rent such sum as would be "sufficient to pay the normal tax imposed thereon" by the income tax law and has paid such sum "to the officer of the United States Government authorized to receive the same," has no right to deduct the amount of such payment from the amount of the rent which he pays to his lessor.

RUGG, C. J.    The defendant holds real estate as tenant of the plaintiffs for a long term.    One covenant of the written lease is that beside paying an annual rental of $18,000, water and other rates, the lessee "will also pay in addition in each year whenever the same are due and payable and before any interest or penalty accrues thereon, all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect of the said leased premises, or any part thereof, or upon or in respect of the rent payable hereunder by the Lessee, howsoever and to whomso-

ever assessed." The defendant in accordance with the requirement of the federal income tax law approved October 3, 1913, (U. S. St. 1913, c. 16,) withheld at its source and paid to the United States the "normal [income] tax" on certain rentals due under the lease and deducted the amount from the rent reserved in the lease. The present action is brought to recover the amount so withheld, paid and deducted.*

The question presented is whether the money withheld by the defendant and paid by it to the United States in accordance with the requirements of the federal income tax was a tax or assessment upon or in respect of the rent payable under the lease. The federal law in paragraph E of § 2 imposes the duty upon a person in the position of the defendant as lessee to the plaintiffs as lessors "to deduct and withhold" from the rent "such sum as will be sufficient to pay the normal tax imposed thereon by this section, and shall pay to the officer of the United States Government authorized to receive the same; and they are each hereby made personally liable for such tax." In this quotation the words "normal tax" as applied to the facts in the case at bar doubtless mean a tax of one per cent on the annual rent. That is the rate which has been paid by the defendant; and the words "imposed thereon" must refer to the rental, for there is no other source of income of the lessors subjected to a tax to which these words can allude. The concluding phrase renders the lessee personally liable for the payment of what is described as "such tax." That also can relate only to the rental.

It seems to follow that, applying the phraseology of the income tax law to the covenant of the lease, the sum of money which the lessee has been compelled by that law to withhold from the plaintiffs and pay to the United States Government belongs to the class of imposts correctly described as "taxes and assessments" and that it has been levied "upon or in respect of the rent payable" under the lease. While in a general sense it is true that the income tax is laid upon "the entire net income" of the individual, and not upon each of the several items of which it is composed, yet where the person who pays rent is required by

---

* In the Superior Court the case was submitted upon an agreed statement of facts to *McLaughlin*, J., who found for the defendant and reported the case for determination by this court.

the law to pay a percentage thereon to the government in way of tax and in behalf of the person who receives the rent, such payment is a tax in respect of the rent. It is not every source of income which is taxable. Interest upon obligations of the United States and its possessions and of any State or political subdivision thereof are exempted as well as dividends upon stock of corporations or other associations which pay a tax under the act. There are also deductions by way of expenses and otherwise. But these considerations do not overbear the direct and explicit words of the act which seem to us to bring the imposition here in controversy within the kind of tax and assessment which is described in the lease.

The distinction between a general income tax and a tax upon the sources from which that income springs as applied to the instant statute is not sound in view of the decision in *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429, 580, 581. It there was held that "a tax upon rents or income issuing out of lands" is not intrinsically different from a tax on the land itself. "An annual tax upon the annual value or annual user of real estate appears to us the same in substance as an annual tax on the real estate, which would be paid out of the rent or income." When the same case was heard upon reargument in 158 U. S. 601, the decision upon this point was reaffirmed in these words, at page 637, "We adhere to the opinion already announced, that, taxes on real estate being indisputably direct taxes, taxes on the rents or income of real estate are equally direct taxes." The binding force of these decisions does not appear to be affected or put in question by *Brushaber* v. *Union Pacific Railroad*, 240 U. S. 1.

The minute provisions of the instant act for withholding the tax at the source and the description of the payment thus exacted as a tax forbid the conclusion that the tax is not levied upon a separate source from which a part of the net income is derived.

The defendant has refused to pay a part of the rent reserved in the lease. It justifies that refusal on the ground that it has been compelled to pay therefrom a sum exacted by the United States Government. The only payment which the United States had a right to exact under the law was a tax at a specified percentage upon the rent reserved for a stated period of time. That exaction is called in the act of Congress a "tax." It is in its nature a tax.

But by the terms of the lease, the defendant has obligated itself to pay "all taxes and assessments . . . upon or in respect of the rent . . . howsoever and to whomsoever assessed." The setting forth of the defence shows that it cannot prevail.

A change in the law as to taxation during the term of the lease is of no consequence. *Welch* v. *Phillips,* 224 Mass. 267. The covenant is to pay all taxes except betterments.

This record does not raise any question as to a reduction by a lessee of the amount which, as between the lessors and lessee, it ought to withhold from the rent and pay to the United States government. The defendant seeks to deduct from the rent reserved that which it contends it already has paid as a tax, being obligated to pay all taxes assessed on account of that rent. That it cannot do.

In accordance with the terms of the report, let the entry be

> *Case remanded to the Superior Court for the assessment of damages.*

The case was submitted on briefs in June, 1916, and afterwards was submitted on briefs to all the justices except *Loring,* J.

*A. H. Russell,* for the plaintiff.

*R. B. Stone,* by leave of court, filed a brief for other trustees in like position.

*C. K. Cobb,* for the defendant.