DAVID P. KIMBALL & another, trustees, *vs.* CHARLES E. COTTING
& another, trustees.

Suffolk.    February 5, 1918.— February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Covenant to pay taxes.    *Tax,* On income.    *Words,* "Assessment day."

A lease of city real estate for ninety-nine years contained the following covenant:
"The Lessees covenant and agree to pay and discharge any taxes or excises
which during the term may on any assessment day be lawfully levied or as-
sessed to either the Lessors or the Lessees upon or against the rent payable
hereunder for or in respect of the period between such assessment day and the
last prior assessment day, or for or in respect of the period between the first
of such assessment days and one calendar year prior thereto, whether levied
or assessed upon the same as rental or income but not for any other taxes or
excises in respect thereof." In an action by the lessors against the lessees on
this covenant to recover the amount of the normal federal income tax on the
rent, which had been withheld by the lessees, it was *held* that for the computa-
tion of the federal income tax the last day of the preceding calendar year is
the "assessment day" and that the lessees were liable to pay to the plaintiffs
the amount of the federal income tax imposed on the rent during the period
described in the covenant, the phrase "but not for any other taxes or excises
in respect thereof" referring merely to income taxes retroactively levied be-
yond the express limitation of the covenant.

CONTRACT by the trustees under the will of David Kimball, who
as such trustees were the owners and lessors of certain real estate
in Boston, against the trustees under an agreement and declaration
of trust called the Kimball Building Trust, as the lessees under a
lease in writing dated November 3, 1902, for the term of ninety-
nine years from June 1, 1903, upon the covenants quoted in the
opinion, to recover a balance of rent alleged to be due and with-
held by the defendants for the payment of the normal federal
income tax payable upon such rent.   Writ dated January 30,
1917.

The case came on to be heard upon the pleadings and an agreed
statement of facts before *Aiken,* C. J., who at the request of the
parties and without making any decision thereon reported the case
for determination by this court.

*H. M. Davis,* (*R: W. Dunbar* with him,) for the plaintiffs.

*B. E. Eames,* for the defendants.

RUGG, C. J. The question presented is whether the burden of the federal income tax on the rent reserved in a lease of real estate in Boston, of which the owners and lessors are the plaintiffs and the lessees are the defendants, must be borne by the former or by the latter. The answer to that question depends upon the words of the lease. It is dated in 1902 for a term of ninety-nine years. One of its covenants provides comprehensively that the lessees shall pay "all taxes, charges, assessments, betterments, liens" in any way assessed and levied upon or payable for or in respect of the demised premises. Another covenant upon which the decision must turn is this: "The Lessees covenant and agree to pay and discharge any taxes or excises which during the term may on any assessment day be lawfully levied or assessed to either the Lessors or the Lessees upon or against the rent payable hereunder [forty-first word] for or in respect of the period between such assessment day and the last prior assessment day, or for or in respect of the period between the first of such assessment days and one calendar year prior thereto, whether levied or assessed upon the same as rental or income, but not for any other taxes or excises in respect thereof."

This covenant relates exclusively to the payment of taxes and excises levied upon the rent reserved by the lease. It concerns no other subject. It expressly includes such taxes and excises whether levied against the lessors or the lessees. It makes no difference with the scope of the covenant whether the burden is imposed by the law upon the one or the other. In either event the lessees are liable by contract of the parties, so far as that point goes. If the covenant ended with "hereunder," its forty-first word, the lessees undoubtedly would be liable.

But the covenant contains additional words. Further reference is made to "any assessment day," and the obligation assumed by the lessees to pay rent is limited by the words "for or in respect of the period between such assessment day and the last prior assessment day." It is manifest from words following in the covenant that it was the purpose of the parties to impose the obligation upon the lessee whether the tax was levied as a property or as an income tax. See in this connection *Tax Commissioner* v. *Putnam,*

227 Mass. 522, and cases collected at pages 531, 532. An income tax necessarily has reference to moneys received during a specified period of time. At any single moment one can hardly be said to have income. Duration of time is required for its measurement. On the other hand, a property tax requires a definite moment for its assessment, in order that its items and their value may be measured by reference to a known or ascertainable standard. Since by express words of the covenant the lessee is liable for the tax, whether levied upon the rent "as rental or income," it inevitably follows that it was the intent of the parties that the words "assessment day" were not intended to refer immutably to a single date, but were designed to include whatever period not exceeding that elapsing between two successive assessment days might be established by any tax law thereafter enacted as the measurement of the income.

The reference to the "assessment day" cannot under these circumstances be construed as referring exclusively to the first of May or the first of April, one or the other of which has been the State assessment date for a long time.

The federal income tax law here in question was approved October 3, 1913. U. S. St. 1913, c. 16, § 2. It expressly provides in paragraph D that the income tax shall be computed upon the net income "during each preceding calendar year ending December thirty-first." That fixes the last day of each calendar year as the "assessment day" for that kind of tax, as definitely as was the first day of May fixed for the year ending on that date by R. L. c. 12, § 4, cl. 4, for the State income tax in force when the lease was executed. The return to be made by the taxpayer under each law is filed at some later time, and the actual completion of the tax is made later still. But the "assessment day" is as definite under one statute as under the other, so far as it concerns a tax on income.

It is manifest that the parties intended to include both State and federal taxes by the covenant. There is no express limitation to one or the other by the words of the covenant. In its absence it would be difficult to read into the covenant such a limitation by inference. Under our Constitution and laws, in force at the time the lease was executed, a tax levied in respect of income from rents of real estate was a property and not an excise tax. *Opinion*

*of the Justices,* 220 Mass. 613, 623–627. *Perkins* v. *Westwood,* 226 Mass. 268, 276. It would seem that the federal income tax under various statutes has been regarded as an excise. See *Brushaber* v. *Union Pacific Railroad,* 240 U. S. 1, 17. The covenant relates to both property taxes and excises.

It had been held long before the date of the lease here in question that a federal income tax might be retroactive, and might cover a period of time and an income already taxed by another tax statute. *Stockdale* v. *Insurance Co.* 20 Wall. 323, 331. The extent of such retroactivity, which would be held legal, has not been determined, so far as we are aware. But the final limitation of the covenant relieving the lessee from "other taxes or excises" would bar his liability for such taxes retroactively levied beyond the express limitation of the covenant. Thus effect is given to all the words of the covenant. Although the case at bar is not governed by *Suter* v. *Jordan Marsh Co.* 225 Mass. 34, it falls within the same class, and is distinguishable from *Codman* v. *American Piano Co. ante,* 285.

*Judgment for plaintiffs.*