DAVID P. KIMBALL *vs.* CHARLES E. COTTING & another, trustees.

Suffolk. October 23, 1919. — November 26, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Covenant to pay taxes. *Tax,* On income.

Under the provisions of a covenant in a lease of real estate reading, "The Lessees covenant and agree as far as at any time permitted by law to pay and discharge any taxes or excises which during the term may be lawfully levied, laid or assessed upon or against the rent payable hereunder, whether levied or assessed upon the same as rental or as income of any person or persons entitled thereto," the lessees must pay the surtax assessed to the lessor under the provisions of U. S. St. 1913, c. 16, and U. S. St. 1916, c. 463, as amended by the war income tax act, U. S. St. 1917, c. 63, upon the rent reserved by the lease.

CONTRACT for reimbursement for income taxes paid by the plaintiff on rent received under a lease to the defendants, it being alleged in the declaration that, by the provisions of the covenant in the lease described below, the taxes should have been paid by the defendants. Writ dated October 23, 1918.

In the Superior Court the case came on to be heard upon an agreed statement of facts before *Wait,* J. Material facts are stated in the opinion. The judge at the request of the parties reported the case upon the pleadings and the agreed statement of facts for determination by this court.

*H. M. Davis,* for the plaintiff.

*B. E. Eames,* for the defendants.

BRALEY, J. The defendants, while conceding that the plaintiff can recover the normal federal income tax which he has paid each

year during the period named in the record, contend that they are not liable for the additional or surtax for which he also seeks reimbursement.

The taxes are not taxes upon the premises, but upon the rental therefrom considered as income received by the lessor from the lessees, and for this reason the covenant construed in *Codman* v. *American Piano Co.* 229 Mass. 285, requiring the lessee to pay "all taxes and assessments whatsoever which may be payable for or in respect of the leased premises during the term hereof, except assessments for betterments hereinbefore arranged for," was held to contain no agreement that the lessee should pay federal income taxes levied upon rent received as income by the lessor from the leased premises. The covenant in the present case, however, is not thus limited. It reads, "The Lessees covenant and agree as far as at any time permitted by law to pay and discharge any taxes or excises which during the term may be lawfully levied, laid or assessed upon or against the rent payable hereunder, whether levied or assessed upon the same as rental or as income of any person or persons entitled thereto." The surtax called for under the provisions of U. S. St. 1913, c. 16, U. S. St. 1916, c. 463; and U. S. 1916, c. 463, as amended by the war income tax act, U. S. St. 1917, c. 63, is only an additional income tax graduated and collected as prescribed, and it is immaterial that this mode of taxation came into existence after the date of the lease. *Welch* v. *Phillips*, 224 Mass. 267. It also is a direct tax which may be assessed on rentals when received as income, for reasons pointed out in *Suter* v. *Jordan Marsh Co.* 225 Mass. 34, and *Codman* v. *American Piano Co.* 229 Mass. 285.

It being plain that the taxes in question were lawfully imposed, and perceiving no question as to the method and accuracy of the several computations and the defendants having expressly covenanted to pay them, the plaintiff is entitled to judgment for the sum of $3,080.61, to which by agreement of parties interest is to be added on the amount due each year for the years 1915, 1916 and 1917. *Kimball* v. *Cotting*, 229 Mass. 541.

*So ordered.*