FRANK B. BEMIS & others, trustees & executors, *vs.* MARY P. CONVERSE & others.

Suffolk.　January 15, 1923. — July 11, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Tax*, Estate tax. *Executor and Administrator*. *Trust*. *Evidence*, Presumptions and burden of proof. *Equity Jurisdiction*, Bill for instructions. *Equity Pleading and Practice*, Parties.

The trustee under a deed executed in 1910, the terms of which were in substance to hold the trust property, pay the income to the settlor during his life and upon his death to divide the income among his children, the issue of any deceased child to take the share of the income of the parent, and upon the death of the last survivor of his children to divide the principal of the trust equally among the issue of the settlor's children *per stirpes*, cannot be required to reimburse the executor of the will of the settlor, who died in

1920, for so much of an estate tax assessed under the federal revenue act of 1918, 40 U. S. Sts. at Large, 1096, upon both the trust estate and the estate passing by the will as was assessed with respect to the trust estate, where it appears that no intention relative to which fund should pay the tax was expressed by the settlor and testator either in the deed or in the will.

In the absence from both the trust deed and the will above described of a definite declaration on the subject, it must be presumed that the intention of the settlor and testator was that the ultimate weight of taxation must rest where the law places it.

The circumstance that the act of Congress was passed after the execution of the deed of trust above described was *held* not to distinguish this case from *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, which governed this decision.

Controversies in which the same person has antagonistic interests in different capacities are cognizable in equity.

Where three of four persons who are executors of a will also are trustees under a deed previously made by the testator, equity has jurisdiction of a bill in equity brought by all of them for instructions as to whether the trustees should pay to the executors any part of a federal estate tax assessed upon both the trust estate and the estate passing by the will and paid by the executors, and in such a bill the various beneficiaries should be joined as defendants.

BILL IN EQUITY, filed in the Supreme Judicial Court for the County of Suffolk on November 21, 1921, and afterwards amended, by Frank B. Bemis, Moorfield Storey, Edward M. Benson and Parker Converse as executors of the will of Harry E. Converse, and the first three as trustees under the deed of trust described in the opinion, against the beneficiaries under the will and the deed, for instructions as to what part, if any, of a sum paid by the executors as a federal estate tax assessed upon both the property passing by the deed and by the will, should be paid to the executors by the trustees; and like instructions as to an inheritance tax paid to the State of New Jersey.

The suit was heard by *Braley,* J., upon the amended bill and answers. No question was made but that the trustees should pay to the executors the inheritance tax paid to the State of New Jersey. The single justice ruled that no part of the federal estate tax paid by the executors should be paid to them by the trustees, and reported the suit to the full court for determination.

*F. B. Greenhalge,* for Mary P. Converse.

*R. D. Weston,* for the executors.

*H. S. Davis,* for the trustees.

RUGG, C.J.   This is a suit in equity brought by three of the plaintiffs as trustees under a deed of trust of Harry E. Converse, and by these three together with another as executors of the will of Harry E. Converse, against his widow and others interested in the deed of trust and in his estate.

The pertinent facts are that in 1910 Harry E. Converse conveyed to the plaintiff trustees certain stocks and bonds upon the trusts set forth in the deed of trust.   In brief, the terms of the trust were to hold the property, pay the income to the settlor during his life, and upon his death to divide the income among his children, the issue of any deceased child to take the share of the income of the parent, and upon the death of the last survivor of his children to divide the principal of the trust equally among the issue of his children *per stirpes*.   It is not necessary for the present decision to state the terms of the trust with further particularity.   The settlor and testator died in 1920.   At that time the corpus of the trust was in excess of $1,000,000 in value.   The estate passing by will was in excess of $1,400,-000.   An estate tax of $230,926.58 was assessed to the executors under the " Revenue Act of 1918 " of the United States, being c. 18, approved February 25, 1919, Title IV, §§ 400–410, 40 U. S. Sts. at Large, 1096–1101.   This sum was calculated by treating all the property, both that held under the trust deed and that passing by will, as part of the estate for purposes of taxation and subject to the estate tax.   § 402 (c).   Of this sum $130,876.13 was assessed with respect to the property passing by the will, and $100,050.45 with respect to property held in trust under the deed.   The entire tax was paid by the executors in accordance with § 407.   Their claim for refunding the sum paid on the property held in trust has been denied.

The object of the petition is to determine whether the portion of this tax assessed with respect to the property held under the trust deed shall be paid out of that property or whether it shall be borne wholly by the estate in the hands of the executors.

The tax here in question is entitled in the act of Congress an " Estate Tax."   It is described in § 401 as a tax " upon

the transfer of the net estate " of every descendent. The mandate of the act of Congress is that " the executor shall pay the tax." § 407. With a single exception no apportionment of the tax is made among those receiving benefit from the estate. That exception is by § 408, to the effect that the executor is empowered to recover from the recipient of the proceeds of life insurance policies under the conditions there stated " such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate." The presence of this provision indicates that no other apportionment was intended by Congress.

It is strongly argued that the intention of the settlor and testator cannot have been that the entire burden of a tax of this nature should fall upon his estate and the property held under the trust deed be completely exonerated. Courts cannot speculate concerning the intention of settlors and testators as to where they intend the burden of taxes to rest. The instrument as written must govern. Opportunity is freely open in framing trust deeds and wills to make full and accurate expression of desire and intention respecting the payment of taxes and the particular beneficiaries whose shares shall be exonerated from or bear that pecuniary exaction for the support of government. Specific provision on this point is familiar in wills and is not infrequently found in other instruments. In the absence of a definite declaration on the subject it must be presumed that the intention was that the ultimate weight of taxation must rest where the law places it. It cannot be presumed that anything else was intended than what is stated in the written instrument. It may be, for aught that now can be known, that the precise result which has happened was intended. There is no jurisdiction in equity to prescribe what may seem fairer than the settlor or testator has declared. To do that is as foreign to chancery principles as to remold a will in order to make it conform to different conceptions of justice or fairness from those indulged by the testator.

Where no other provision is made, taxes must be paid out of the residue of the estate. The case at bar is governed by *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471. *Taylor*

v. *Jones,* 242 Mass. 210.  *New York Trust Co.* v. *Eisner,* 256 U. S. 345.

The circumstance that the act of Congress was passed after the execution of the deed of trust does not distinguish this from the Plunkett case.  Definite provision for future taxes or for taxes under future laws are not uncommon. *Suter* v. *Jordan Marsh Co.* 225 Mass. 34.  *Kimball* v. *Cotting,* 229 Mass. 541.  *Kimball* v. *Cotting,* 234 Mass. 172.  Absence of such provision from the trust deed here in issue is significant.

The ground upon which this decision rests renders unnecessary consideration of other objections urged by the widow and by the counsel for the trustees against recovery by the executors from the trustees of any part of the tax. No opinion concerning the validity of the trust or the constitutionality of the act of Congress with respect to the trust property is intimated.

It was correct practice for the plaintiffs to come into equity for the adjudication of this question.  The executors could not bring an action at law against the trustees, the three trustees being three of the four executors.  A person cannot bring an action at law against himself.  *Eastman* v. *Wright,* 6 Pick. 316, 320.  Controversies in which the same person has antagonistic interests in different capacities are cognizable in equity.  The trustees and executors, who are the same, properly present conflicting contentions touching diverse interests of their several beneficiaries through different counsel.  The various beneficiaries rightly were joined as parties defendant in order that opportunity might be afforded each of them to choose his own position and to present arguments through his own counsel in support of his individual interests.  *Batchelder, petitioner,* 147 Mass. 465.  *Hills* v. *Putnam,* 152 Mass. 123.  *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283, 290.  *Crowell* v. *Davis,* 233 Mass. 136.  *Dexter* v. *Jackson,* 245 Mass. 333.

It is agreed that the inheritance taxes assessed by the State of New Jersey, as alleged in paragraph 15 of the bill, are to be repaid to the executors by the trustees.  No part of the federal estate tax is to be repaid to the executors by the trustees.

*Decree accordingly.*