LACLEDE GAS LIGHT COMPANY v. ST. LOUIS UNION TRUST COMPANY and FRED G. ZEIBIG, Executors of Estate of JULIA ANN ADELE SARPY MORRISON, and HANOVER INVESTMENT COMPANY, Appellants.—12 S. W. (2d) 432.

Division One, December 31, 1928.

──────

*McDonald & Just* for appellants.

*Isaac H. Lionberger* for respondent.

784

RAGLAND, J.—This is an appeal from the Circuit Court of the City of St. Louis. Appellants state their case as follows:

"The amended petition is for an injunction to restrain defendants jointly and severally from declaring a forfeiture of a lease and making entry which they threaten because plaintiff refuses to pay the United States income tax levied on the rents accruing to lessor thereunder.

"The amended petition alleges that on March 30, 1906, respondent, Mrs. Morrison, leased to respondent, Hanover Investment Company, for a ninety-nine-year term, premises at the northeast corner of Eleventh and Olive Streets in St. Louis; that on April 11, 1911, the Investment Company leased the same premises to the respondent for ninety-three years, eleven months and thirty days; that each lease contained this covenant:

" 'Said lessee covenants that it will pay as and when they mature and become payable all taxes, levies, charges and assessments,

general and special, assessed, levied or imposed on said demised realty and all improvements thereon, or upon the income, rents or profits arising therefrom during the term of this lease, ، . . . whether imposed by city, state or other lawful authority.'

"The demurrer of appellants having been overruled, they filed an answer admitting the allegations as to the time, parties and terms of the two leases described in the amended petition and the covenant above quoted, and 'admit that defendants claim that plaintiff is obligated by the terms of its said lease to pay the income tax upon the rent received by plaintiff's lessor under said lease, and that defendants have threatened and do threaten to forfeit plaintiff's lease by reason of plaintiff's failure and refusal to comply with its said obligation.' The plaintiff (respondent) filed a motion for judgment on the pleadings on the ground that the answer of the defendants 'contains admissions showing that the plaintiff is entitled to the relief prayed for in the petition.'

"The motion for judgment on the pleadings was sustained, and after due motions appeal is brought by defendants to this court.

"There is thus before the court the single issue of law whether the United States income tax for which the lessors are liable upon the rents reserved under the lease is included among the obligations for taxes assumed by lessee by the above quoted lease provision."

For the purposes of this case, the covenant is: that the lessee will pay "all taxes, levies, charges and assessments . . . assessed, levied or imposed . . . upon the income, rents and profits arising therefrom (the demised real estate)." The Federal income tax is a personal tax imposed upon the *net income* of the individual, that is, the combined income from all sources less certain deductions and exemptions. It is not a tax levied on income at its source. Lessors' income tax does not therefore fall within the terms of the covenant; it is not a tax imposed in whole, or even in part, "upon the income, rents and profits," arising from the demised premises. The points urged by appellants, and the authorities they cite, in support of a contrary construction have all been fully considered in Elliott v. Winn, 305 Mo. 105, 264 S. W. 391, and Riesenberg v. Primary Realty Co., 258 S. W. 23, cited with approval in the Elliott case; no good purpose would be subserved by reiterating what is there said. On the authority of those cases the judgment of the circuit court is affirmed. All concur.