L. CUSHING KIMBALL & another, trustees, *vs.* ARTHUR N. MADDISON, trustee.

Suffolk.    May 17, 1932. — May 24, 1934.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Landlord and Tenant,* Construction of lease, Covenant to pay taxes, Parties to lease. *Contract,* Parties, Under seal. *Words,* "Person or persons entitled."

A lease of a building included the following covenant: "The Lessees covenant and agree as far as at any time permitted by law to pay and discharge any taxes or excises which during the term may be lawfully levied, laid or assessed upon or against the rent payable hereunder, whether levied or assessed upon the same as rental or as income of any person or persons entitled thereto." The lessor died during the term, leaving a will under which the lease was included in property placed in trust, the "net annual income" of which was to be paid,

during their lives, to three children of the lessor "quarterly or oftener as" the trustees might "deem best, in equal shares." The trustees received as income in 1929 rent under the lease, rents from other real estate, interest and dividends, all taxable under the Federal Revenue Act of 1928, as well as income not so taxable and taxable gains on sales which were not distributable as income. In computing the net income which was distributed to the life beneficiaries, the trustees' "commissions" and the expenses of the trust were deducted from the aggregate amount of rents and taxable interest and dividends, and in the cases of two of the beneficiaries, there was a further deduction of the amount of the Massachusetts income tax upon their shares. The beneficiaries included in their "individual Federal income tax returns," with income from other sources, taxable income so received from the trustees, and paid Federal income taxes based thereon. The trustees under the will by an action of contract sought to recover from the lessee the aggregate of the portions of the Federal income taxes so paid by the beneficiaries fairly apportionable to rent received by the trustees from the lessee. *Held*, that

(1) In the circumstances, such portions of the Federal income taxes of the beneficiaries as were fairly apportionable to such rent were taxes "assessed upon or against the rent" within the meaning of the covenant in the lease;

(2) According to the scheme of the Federal Revenue Act of 1928, the taxes paid by the beneficiaries were in part "assessed upon or against the rent" as "income" of the beneficiaries, the "persons entitled thereto";

(3) The language of the covenant in the lease did not indicate that the taxes in question were so remote from the rent, considered as "income," that they were not to be regarded as assessed thereon within the meaning of the covenant.

The lease above described was under seal, and by its terms the word "lessor" included "his heirs, assigns and devisees," and "all the agreements and engagements" under the lease were to be "construed and operative as covenants running with the land." *Held*, that the trustees were entitled to maintain such action on the covenant and to recover for the benefit of such beneficiaries the amount in damages which the beneficiaries could have recovered if they had been parties to the lease.

CONTRACT. Writ dated April 24, 1931.

In the Superior Court, *Qua*, J., reported the action for determination by this court upon the pleadings and an agreed statement of facts. Material facts are stated in the opinion.

*Harrison M. Davis & F. Rackemann*, for the plaintiffs.

*H. S. Davis*, for the defendant.

FIELD, J. This is an action of contract brought by the trustees under the will of David P. Kimball, who died in

1923, against the present trustee of the Kimball Building Trust, so called, on a covenant in an indenture of lease, under seal, dated November 4, 1915, and in force during the year 1929 between said David P. Kimball, as lessor, and the former trustees of said trust, as lessees, to pay and discharge certain taxes and excises. The case was heard by a judge of the Superior Court upon an agreed statement of facts and was reported by him without decision for the determination of this court.

The covenant sued on is in the following terms: "The Lessees covenant and agree as far as at any time permitted by law to pay and discharge any taxes or excises which during the term may be lawfully levied, laid or assessed upon or against the rent payable hereunder, whether levied or assessed upon the same as rental or as income of any person or persons entitled thereto." The "rent payable" by the defendant under the lease for the calendar year 1929 and actually paid by him was $24,475.

The plaintiffs seek to recover under this covenant a part of the amount of the Federal income taxes for the calendar year 1929 imposed by the revenue act of 1928 (45 U. S. Sts. at Large, 791), and paid by three children of said David P. Kimball, life beneficiaries of a trust of the residue of his estate created by his will of which the plaintiffs are trustees. These three children of the testator were entitled under his will to receive from such trustees the "net annual income" of the trust for the calendar year 1929, "quarterly or oftener as . . . [the trustees] may deem best, in equal shares." The income of the trust for the calendar year 1929 consisted of the rent received from the defendant under the lease, other rents of real estate, interest and dividends, all taxable under the Federal income tax law, and interest on bonds of the United States and certain dividends not so taxable. The trustees also received gains on sales of property of the trust which were taxable as income but were not distributable to the life beneficiaries. The trustees filed with the United States treasury department a "federal income tax information return" in which they reported the distributable shares of the life beneficiaries, which shares were in fact distributed to these

beneficiaries. This return showed as distributable to each of the life beneficiaries one third of the taxable dividends and one third of the "balance of net income," the latter amount, in the cases of two of these beneficiaries, reduced by the amount of the Massachusetts income tax upon their shares respectively. The information return showed also the distribution to the life beneficiaries of nontaxable income. The "balance of net income" was computed by deducting the trustees' "commissions" and the expenses of the trust from the aggregate amount of rents, and taxable interest and dividends. The beneficiaries included in their "individual federal income tax returns," with income from other sources, the shares of the taxable dividends and of the "balance of net income," computed as above set forth, and paid Federal income taxes based upon income so reported. The amount which the plaintiffs seek to recover from the defendant in this action is the aggregate of the parts of the Federal income taxes so paid by the beneficiaries fairly apportionable to rent received by the plaintiffs from the defendant. On April 16, 1931, the plaintiffs demanded payment from the defendant of $2,140.63 as such amount. They now concede that, due to errors in the figures, this amount should be $2,044.31. No contention is made that this amount as corrected is not computed rightly if, as matter of law, any part of such taxes is apportionable to the rent.

Unlike the covenant considered in *Codman* v. *American Piano Co.* 229 Mass. 285, and the agreement considered in *Greenburg* v. *Bopp*, 251 Mass. 433, (see also *Stony Brook Railroad* v. *Boston & Maine Railroad*, 260 Mass. 379), the covenant in this lease in express terms applies to "taxes or excises" "levied, laid or assessed upon or against the rent payable" under the lease. Also in express terms the covenant applies to such taxes or excises, "whether levied or assessed upon" such rent, "as rental or as income of any person or persons entitled thereto." This language discloses "the purpose of the parties to impose the obligation [of paying or discharging taxes on rent] upon the lessee whether the tax was levied as a property or as an

income tax" (*Kimball* v. *Cotting*, 229 Mass. 541, 542), or on the rent as such or as income, and irrespective of the persons by whom the tax is to be paid which is "levied, laid or assessed upon or against the rent" if they are "persons entitled" to such rent.

The defendant contends, however, that no part of the Federal income tax paid by a life beneficiary for the calendar year 1929 was "assessed upon or against the rent," but, on the contrary, that such tax was assessed upon an "undifferentiated mass" of income in the hands of the beneficiary by reason of (a) the mingling of the rent in the hands of the trustees with other income of the trust so as to make up the "gross income" of the trust; (b) the making of deductions from such "gross income" of the trustees' "commissions" and the expenses of the trust so as to determine the "net income" of the trust; (c) the distribution of such "net income" among the life beneficiaries; (d) the mingling of each beneficiary's share of such "net income" with other income of the beneficiary to make up the "gross income" of such beneficiary; and (e) the making of statutory deductions from such "gross income" so as to determine the "net income" of the beneficiary subject to Federal income tax.

It is clear that the "net income" of each beneficiary upon which he was taxed was increased by reason of the rent paid by the defendant to the plaintiffs. And we think that, in spite of the mingling of such rent with other income, the deductions from "gross income" allowed by law and the distribution of the income of the trust among the life beneficiaries, such parts of the Federal income taxes of these beneficiaries as are fairly apportionable to such rent are taxes "assessed upon or against the rent" within the meaning of. the covenant.

It was decided in *Kimball* v. *Cotting*, 234 Mass. 172, 173, an action brought upon this covenant by David P. Kimball, the original lessor, that he was entitled to be reimbursed by the lessees for such parts of his Federal income taxes for the years 1915, 1916, and 1917, in the form of additional taxes or surtaxes, as were proportionate to the

rent received by him under this lease on the ground that
such an additional tax or surtax "is a direct tax which
may be assessed on rentals when received as income, for
reasons pointed out in *Suter* v. *Jordan Marsh Co.* 225 Mass.
34, and *Codman* v. *American Piano Co.* 229 Mass. 285."
The defendant contends, however, that the authority of
this case is weakened because the lessees conceded therein
that they were bound by the covenant to reimburse the
lessor for a part of the normal taxes paid by him, and be-
cause, as the defendant contends, this concession was im-
providently made, and the decision of the case in respect
to additional taxes or surtaxes was based on this conces-
sion.     The argument underlying this contention is that the
*Suter* case was decided on the ground that the provision
in the income tax law of 1913 (38 U. S. Sts. at Large,
169, paragraph E), requiring withholding by a lessee of
normal tax on rent and payment thereof to the United
States, characterized such tax as a tax on rent and that
this ground failed when there was no longer any such with-
holding of tax.     In fact, the Revenue Act of 1917 (40
U. S. Sts. at Large, 332, § 1205) amended the Revenue
Act of 1916 so that for the year 1917 no withholding of
normal tax on rent payable to a resident was required.
And none of the statutes required withholding of addi-
tional tax or surtax.     It is true, indeed, that in the *Suter*
case the court rested heavily upon the withholding provi-
sion as characterizing normal tax on income as a tax on
rent entering into the computation of such income.     But
this was not the sole ground of the decision.     See also
*Codman* v. *American Piano Co.* 229 Mass. 285, 288–290.
And *Kimball* v. *Cotting*, 234 Mass. 172, was decided in the
light of the fact, which was brought to the attention of
the court by counsel, that withholding of rent payable to
residents had been done away with by the Revenue Act of
1917. . The Federal income tax imposed by the Revenue
Act of 1928 is the same in nature as were the Federal in-
come taxes imposed by the revenue acts of 1913, 1916, and
1917.     The case of *Kimball* v. *Cotting*, 234 Mass. 172,
therefore, must be regarded as a controlling decision to

the effect that, even in the absence of an applicable with-holding provision, if the original lessor had been living in 1929 a Federal income tax upon his income would in part have been "assessed upon or against the rent" received by him under the lease within the meaning of the covenant. It is not necessary to reëxamine the point there decided. But it is to be observed that the said Revenue Act of 1928, like other Federal income tax laws, contains numerous pro-visions which indicate that the tax thereby imposed is to be regarded as related directly to the sources of income. Such, for example, are the provisions excluding income exempt because of its source from inclusion in "gross income" (§ 22 [b] [4]), and excluding dividends received from do-mestic corporations from income subject to the normal tax (§ 25 [a] [1]). And the United States Supreme Court in *William E. Peck & Co. Inc.* v. *Lowe,* 247 U. S. 165, 174, re-ferring to the income tax imposed by the income tax law of 1913, described it as "an income tax laid generally on net incomes," but stated that though "it is both nominally and actually a general tax," "it cannot be applied to any income which Congress has no power to tax," thus recogniz-ing that Federal income taxes are to be regarded as taxes upon the various specific items of income included in the gross income of the tax payers. See also *Evans* v. *Gore,* 253 U. S. 245, 263–264, where the income tax imposed by the Revenue Act of 1918 (40 U. S. Sts. at Large, 1057, c. 18) was considered. In accord with our decision in *Kimball* v. *Cotting,* 234 Mass. 172, are *Philadelphia City Passenger Railway* v. *Philadelphia Rapid Transit Co.* 263 Penn. St. 561, and *Philadelphia, Germantown & Norristown Railroad* v. *Philadelphia & Reading Railway,* 265 Penn. St. 325. See also *North Pennsylvania Railroad* v. *Philadelphia & Reading Railway,* 249 Penn. St. 326. So far as *Elliott* v. *Winn,* 305 Mo. 105, *Laclede Gas Light Co.* v. *St. Louis Union Trust Co.* 321 Mo. 782, and *Missouri Athletic Asso-ciation* v. *Delk Investment Corp.* 323 Mo. 765, relied on by the defendant, are inconsistent with *Kimball* v. *Cotting,* we cannot follow them.

It is urged, however, in behalf of the defendant, that

the income taxes here under consideration are still further removed from a tax "assessed upon or against the rent" by reason of the fact that they are assessed not upon income in the hands of the trustees — the lessor — but rather upon income in the hands of the beneficiaries of the trust. Under the Revenue Act of 1928, however, — as under other Federal income tax laws — the trustee is regarded as a mere conduit through which income "to be distributed currently by the fiduciary to the beneficiaries," as here, passes to such beneficiaries, who are required to pay taxes thereon, § 162 (b), see also (c), see *Helvering* v. *Falk*, 291 U. S. 183, 189. Income so distributable retains in the hands of the beneficiaries the character which it had in the hands of the trustee. For example, exempt income remains exempt in the hands of the beneficiaries, §§ 143, 22 (b) (4), dividends and interest on United States obligations not wholly exempt from income tax are taxed respectively as dividends and partially exempt income in the hands of the beneficiaries, § 163 (b), and deductions from the gross income of a trust for depreciation and depletion are apportionable among the beneficiaries on the basis of the income distributable or distributed among them, § 23 (k) (1). As was said by the United States Supreme Court, interpreting the Revenue Act of 1921, — which was closely similar to the Revenue Act of 1928 — in regard to income of a trust to be distributed currently, "the scheme of the Act is to treat the amount so distributable, not as the trust's income, but as the beneficiary's. But as the tax on the entire net income of the trust is to be paid by the fiduciary or the beneficiaries, or partly by each, the beneficiary's share of the income is considered his property from the moment of its receipt by the estate." *Freuler* v. *Helvering*, 291 U. S. 35, 41–42. It follows that, according to the scheme of the statute, the taxes paid by the beneficiaries were in part "assessed upon or against the rent" as "income" of the beneficiaries, the "persons entitled thereto."

There is nothing in the lease to indicate that the covenant should be given a more restricted meaning than is

given to the statute. Each of the beneficiaries is a "person entitled" to a part of the rent as a part of his share of the income of the trust, within the ordinary meaning of the word. See G. L. (Ter. Ed.) c. 197, § 27; *Adams* v. *Adams*, 139 Mass. 449; *Welch* v. *Apthorp*, 203 Mass. 249; *McElwain* v. *Hildreth*, 203 Mass. 376. Cases holding that taxes on net income do not violate the constitutional protection of a particular source of income are based on the nature of the constitutional protection and the degree of remoteness of the tax from the constitutionally protected source. See *William E. Peck & Co. Inc.* v. *Lowe*, 247 U. S. 165; *United States Glue Co.* v. *Oak Creek*, 247 U. S. 321. Compare *Evans* v. *Gore*, 253 U. S. 245. Here, however, we "are construing an agreement; not determining the constitutionality of a taxing statute." *Brainard* v. *New York Central Railroad*, 242 N. Y. 125, 133. See *Pittsfield & North Adams Railroad* v. *Boston & Albany Railroad*, 260 Mass. 390. And the language of the covenant does not indicate that the taxes in question, which under the income tax statute are regarded as "assessed upon or against the rent," are so remote from the rent, considered as "income," that they are not to be regarded as assessed thereon within the meaning of the covenant.

The defendant contends, however, that even if the taxes paid by the beneficiaries are within the covenant, the plaintiffs — trustees — have not been damaged by the defendant's breach of such covenant so as to be entitled to recover in this action or, if they are entitled to recover in this action, that they can recover only nominal damages. By the terms of the lease the word "Lessor" includes "his heirs, assigns and devisees," and "all the agreements and engagements" under the lease are to be "construed and operative as covenants running with the land." The plaintiffs, therefore, — whatever would be true in the absence of such provisions — were entitled to sue on this covenant. See *Mason* v. *Smith*, 131 Mass. 510; *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4, 5. See also *Pfaff* v. *Golden*, 126 Mass. 402; *Walsh* v. *Packard*, 165 Mass. 189, 190; *Richmond* v. *Kelsey*, 225 Mass. 209; *Taylor* v. *Kennedy*,

228 Mass. 390, 394–395. They, only, can bring an action at law against the defendant on this sealed instrument, but since they are trustees for the beneficiaries they can recover in such an action for the benefit of such beneficiaries the amount in damages that the beneficiaries could have recovered if they had been parties to the lease. *Boyden* v. *Hill*, 198 Mass. 477, 487–488. See also *Drummond* v. *Crane*, 159 Mass. 577, 580; *Walsh* v. *Packard*, 165 Mass. 189, 192; *Grime* v. *Borden*, 166 Mass. 198, 201; *Kelly* v. *Greany*, 216 Mass. 296; *Eaton* v. *Globe & Rutgers Fire Ins. Co.* 227 Mass. 354, 368–369.

The plaintiffs make no contention that they are entitled to interest for any period before their demand on April 16, 1931.

It follows that judgment must be entered for the plaintiffs for $2,044.31, with interest thereon from April 16, 1931.

*So ordered.*