ARTHUR N. HOLCOMBE & others, trustees, *vs.* M. FRANCESCA
GREBE GINN & others.

Middlesex.    November 10, 1936. — January 25, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Trust*, Capital and income.    *Contract*, Construction.

Trustees should charge against the principal of a trust so much of a
Federal income tax as was assessed upon capital gains.

Trustees should charge against the income of a trust that portion of a
Federal income tax not attributable to capital gains, although by the
provisions of the trust instrument much of the income went to pay
annuities which would have been payable out of principal if the in-
come therefor had been insufficient.

Under the provisions of an agreement between a widow and beneficiaries
of a trust under her husband's will, whereby she did not waive pro-
visions under the will in her favor and received certain additional
payments, she was not entitled to a special method of accounting by
the trustees whereby no burden would fall on her through Federal
income taxes assessed under statutes subsequently enacted and not
anticipated when the agreement was made.

PETITION for instructions, filed in the Probate Court for
the county of Middlesex on July 18, 1935, by the trustees
under the will of Edwin Ginn, late of Winchester.

The petition was heard by *Leggat*, J., and a decree entered
from which M. Francesca Grebe Ginn and World Peace
Foundation appealed.

*G. M. Weed*, stated the case.

*F. G. Goodale*, (*F. Adams & A. D. Hill, Jr.*, with him,)
for the respondent World Peace Foundation.

*R. C. Piper*, (*J. D. Dow, Jr.*, with him,) for the respondent
M. Francesca Grebe Ginn.

*G. S. Fuller*, for the respondents Trustees of Tufts College.

*E. W. Carr*, for the respondent The Ingleside Home.

*R. Donaldson*, for the respondent The Charlesbank Homes.

QUA, J.    The questions here presented relate to the allo-
cation as between capital and income of " deficiency " income
taxes assessed by the commissioner of internal revenue upon

"income" received during the years 1931, 1932, and 1934 by the trustees under the will of Edwin Ginn and of similar taxes to be hereafter assessed. An outline of the provisions of this will is set forth in the opinion of this court in *Parkhurst* v. *Ginn*, 228 Mass. 159, wherein directions were given on various matters to former trustees of this same trust.

So much of the taxes paid as are attributable to "capital gains" should be charged against principal. Although the Federal statutes which were in force during the years here involved treat and tax capital gains as a form of income, Revenue Act of 1928, §§ 22, 101, 45 U. S. Sts. at Large, 797, 811, Revenue Act of 1932, §§ 22, 101, 47 U. S. Sts. at Large, 178, 191, Revenue Act of 1934, §§ 22, 117, 48 U. S. Sts. at Large, 686, 714, *Merchants' Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509, yet for purposes of accounting by fiduciaries such gains are additions to principal. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 529. *Williams* v. *Milton,* 215 Mass. 1, 11. A tax upon such gains is a tax upon capital transactions the substantial benefit of which goes to capital. It is an expense incident to dealings in capital and not an expense incident to the collection of income. It differs from the ordinary annual taxes assessed locally upon real estate, and formerly also upon securities, which in *Parkhurst* v. *Ginn,* 228 Mass. 159, 170, were held chargeable to income, in that instead of being imposed at stated intervals merely as a condition of continuing ownership and in the nature of a current expense, it is imposed with respect to particular transactions resulting in profit and only if such transactions take place. See *Cogswell* v. *Weston,* 228 Mass. 219, 222; *Plympton* v. *Boston Dispensary,* 106 Mass. 544. The true character of this tax in so far as it affects the relation between fiduciaries and beneficiaries is not obliterated by the fact that capital gains are income within the broad sweep of the Sixteenth Amendment to the Constitution of the United States or by the requirements of annual return and assessment. The American Law Institute in its Restatement of Trusts § 233, comment *f,* lays down the rule as follows: "Any tax levied by any authority, federal, State or foreign, upon profit or gain which is allocable to principal is payable

out of principal, although such tax may be denominated a tax upon income by the taxing authorities." To the same effect is *Wilcox* v. *Wilcox*, 26 Hawaii, 219, 233. Any other rule might well result in seriously reducing the income available for life tenants in the years in which the transactions of the trust are most profitable.

That portion of the Federal income tax not attributable to capital gains is a regularly recurring incident of the receipt or collection of income and is properly chargeable to income. It is true that in this estate much of the income goes to pay annuities which would be payable out of principal if the income were insufficient. And it is true that the Federal government, in computing its tax, allows a trustee to deduct from "net income" the amount of income of the trust "which is to be distributed currently by the fiduciary to the beneficiaries," (see § 162 in each of the revenue acts mentioned above,) but does not allow such deduction for payments of annuities which would be payable out of principal if the income should be insufficient therefor, on the ground that such payments are gifts or legacies rather than distributions of income. *Helvering* v. *Butterworth*, 290 U. S. 365, 370. *Burnet* v. *Whitehouse*, 283 U. S. 148. But it does not follow that, as certain respondents contend, the trustee in accounting with his beneficiaries under the law of this Commonwealth should by analogy charge the tax to principal so as to relieve of the burden resulting from it those who receive income "distributed currently." The Federal law establishes the nature of the tax as a true tax upon income, assessed to the trust as an entity and based upon income received by the trust. But that law does not control the accounting between the trustee and his beneficiaries, and the law which does control that accounting, in accord with sound general principles of long standing, requires that ordinary items of current expense, such as taxes assessed upon the right to receive income, should be charged to income.

We cannot accede to the contention of the respondent M. Francesca Grebe Ginn, the widow of the testator, that because of the provisions of an agreement entered into January 5, 1915, by her and the other beneficiaries of the trust

whereby she consented not to waive the provisions of the will made for her benefit in return for certain annual payments to be made to her by the trustees in addition to those required by the will, a special method of accounting must be adopted in dealing with her which will result in no additional burden falling upon her in consequence of the Federal taxes. It is true that the purpose of the agreement was to secure to her, if she remained a beneficiary of the trust under the will, substantially the same financial advantage which would accrue to her if she waived the provisions made in her behalf and took the comparatively small money payment plus the life interest in an entire third of the estate which the law would have given her. R. L. c. 135, § 16. See now G. L. (Ter. Ed.) c. 191, § 15. But the agreement is carefully drawn, prescribing in somewhat elaborate detail the methods of calculation deemed necessary to bring about that general result. And the fact remains that Mrs. Ginn did not waive the provisions of the will and that for reasons which must have seemed to her sufficient she accepted the agreement in the terms in which it was written and remained a beneficiary under the trust. That decision involved many questions of possible future advantage or disadvantage. After making the choice she cannot expect the court to rewrite the agreement or to stretch its carefully drafted terms by construction so as to give her every particular item of benefit which as after events disclose might have accrued to her if she had decided otherwise. Taxes subsequently imposed and not anticipated or provided for in the agreement "must fall where for public reasons the sovereign power of the government has seen fit to place them." *Sohier* v. *Eldredge,* 103 Mass. 345, 350. The provision in section 4 of the agreement with respect to "annual taxes assessed to said trustees on personal property" cannot fairly be construed as intended to include Federal income taxes which were not then, in the ordinary sense, assessed to trustees as taxpayers at all, *Smietanka* v. *First Trust & Savings Bank,* 257 U. S. 602, and which were assessed on income from real property as well as from personal property. At the time when the agreement was made

trustees were annually assessed on personal property in this Commonwealth. St. 1909, c. 490, Part I, § 23, Fifth, as amended by St. 1911, c. 383, § 2. That was the tax which was meant. Elsewhere in the same section of the agreement, when the parties desired to refer to a Federal income tax, they specified it as "any federal income tax." Section 7 of the agreement providing that in case of doubt or ambiguity the agreement is to be so interpreted as to effectuate its general purpose cannot be so far extended as to justify the court under the guise of interpretation in setting up for Mrs. Ginn a special scheme of accounting which is not contained in the agreement.

However deeply the testator may have been interested in the objects of the World Peace Foundation, we can discover nothing in the terms of the will relating to that beneficiary which can be said to indicate an intent of the testator to exempt it from the consequences which would otherwise naturally flow from the imposition upon the estate of the taxes here in question.

The decree of the Probate Court is to be modified in accordance with this opinion in respect to so much of the taxes as is or shall be attributable to capital gains and as so modified is affirmed.

Costs of this appeal as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*