GRANT FORBES WALSH *vs*. D. JOSEPH HENNESSY.

Suffolk.　　December 2, 1942. — December 31, 1942.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Agency*, Undisclosed agency. *Contract*, Parties. *Equity Pleading and
Practice*, Parties.

A straw holding title to land who conveyed the land with an unfinished
building thereon upon the grantee's promising him to assume certain
debts incurred by him in the erection of the building and to complete
it, might enforce such promise in his own name for the benefit of the
real party in interest.

BILL IN EQUITY, filed in the Superior Court on October 11,
1941.

The case was heard by *Giles*, J., and in this court was
submitted on briefs.

*T. von Rosenvinge & V. L. Hennessy*, for the defendant.

*J. C. Johnston*, for the plaintiff.

LUMMUS, J. On August 23, 1941, when the plaintiff was
constructing a building on his own land, he entered into a
written agreement with the defendant for the sale of the
building and land to the defendant, upon completion of the
building, subject to a mortgage for $5,700 held by the Mer-
chants Co-operative Bank (the other defendant), the taxes
for 1941, and betterment assessments not to exceed $300.
The consideration was to be $400, payable upon the com-
pletion and transfer of the house. A few days later, in
consideration of a present conveyance of the land and build-
ing to the defendant, the defendant agreed to assume cer-
tain debts of the plaintiff contracted in the erection of the

building and to complete the building. The defendant did not pay these debts, but caused the bank mortgage to be discharged and a new one given. The plaintiff brought this bill in equity against Hennessy and Merchants Co-operative Bank, but it was dismissed as to the bank on October 21, 1941.

The bill was heard on its merits by a judge of the Superior Court, who entered a final decree ordering the defendant to pay to the plaintiff $1,205.86 with interest and costs. The defendant appealed. The case is here on findings of material facts, with a full report of the evidence.

The defendant contends that the written agreement of August 23, 1941, did not contemplate the completion of the building before conveyance to the defendant. We are not impressed by the argument of the defendant upon this question. As we read the agreement, it contemplated the completion of the building before the transfer of the title and the payment of the price of $400. At any rate, it was modified by the agreement of a few days later, which clearly contemplated a transfer of title before completion of the building. *Zlotnick* v. *McNamara,* 301 Mass. 224.

It is true that the nominal plaintiff held the title and made the contracts in question on behalf of his brother Hosea M. Walsh. But he may nevertheless maintain an action in his own name, but for the benefit of the real party in interest, for breach of contract, whether the contract was under seal or not. *Rosenberg* v. *Schraer,* 200 Mass. 218, 221. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 408. *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, 469. The defendant did not take the point that there was a plain, adequate and complete remedy at law. The amount recoverable is the amount of damage suffered by the real party in interest. *Boyden* v. *Hill,* 198 Mass. 477, 488. *Kimball* v. *Maddison,* 286 Mass. 277, 286.

*Decree affirmed with costs.*