OLD COLONY TRUST COMPANY & others, trustees, *vs.* JAMES H. WILLIAMS & others.

Norfolk.    May 14, 1946. — July 3, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Trust,* Taxes.    *Taxation,* Income tax.    *Devise and Legacy,* Taxes.

Under a provision of a trust under a will, that from "the income collected from the trust property, or from the principal if they deem best, the trustees may pay any and all taxes which may be imposed upon the principal or income of the trust estate," it was within the discretionary authority of the trustees to pay from trust income or principal a Federal income tax assessed with respect to the net income of the trust included in annuity payments from the trust to a certain beneficiary, where under Federal law a tax upon trust net income was assessable to and payable by the trust at the time the will and two codicils were made and until enactment, two months before the testator's death, of a Federal statute making it assessable to and payable by the beneficiaries.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on July 21, 1945.

The case was heard by *Reynolds*, J.

*B. M. Dissel*, stated the case.

*K. A. Sanderson*, (*C. L. Allen* with him,) for the respondent Shriners' Hospital for Crippled Children.

*J. A. Boyer*, for the respondent James H. Williams.

*J. D. Smith*, guardian ad litem, submitted a brief.

WILKINS, J.   This is a petition for instructions by the trustees under the will of Fletcher R. Williams, who died December 31, 1942.   He was survived by a son, James H. Williams, who was fifty-eight years of age and without living issue on July 21, 1945, the date of filing the petition, and who had income in addition to that from the trust hereinafter referred to.   The residuary clause of the will, which sets up a trust, provides, "From the income collected from the trust property, or from the principal if they deem best, the trustees may pay any and all taxes which may be imposed upon the principal or income of the trust estate." The son during his lifetime is the only beneficiary to receive payments from the trust.   He is to receive an annuity of $8,000 until sixty years of age, of $12,000 until seventy years of age, and of $15,000 thereafter.   Income in excess of what is needed to make payments to him is to be added to the principal, which, on the other hand, may be used if necessary to make the required payments to the son.   Upon the death of the son the heirs of his body (represented here by a guardian ad litem), subject to an annuity to Hester Cunningham Williams, the son's wife, are to receive income until attaining the age of twenty-one and the principal thereafter.  Failing heirs of the son's body, there are provisions for certain annuities, and upon the death of all the annuitants (subject to an annuity of $100 to a cemetery in Ohio) ten per cent of the income is to be added to principal, and the remainder is to be paid the Shriners' Hospital for Crippled Children.   The principal of the trust was appraised as real estate $12,675 and as personal estate $317,447.   The estimated net income is $8,908.32.

The questions submitted for instructions are: "1. Is it

within the discretionary authority committed by the will to the trustees for them, to pay from the trust income or principal the Federal income tax assessed with respect to the net income of the trust included within the annual payments from the trust to said James H. Williams. 2. If so, and if the trustees determine within such discretion to pay such tax, how should the trustees compute the amount to be paid by them on account of the tax measured by the entire net income of said James H. Williams." By the decree the trustees were instructed that the answer to the first question is "Yes," and that "the answer to the second question is that in the event the trustees determine within their discretion to pay such tax, they are to compute the amount to be paid by them on account of the tax measured by the entire net income of said James H. Williams as though the net income of the trust which is included within the payments to him from the trust in any calendar year were the only gross income received by said James H. Williams in such year." The Shriners' Hospital for Crippled Children appealed.

The only issue argued is the answer to the first question. On July 25, 1939, the date of the will, and on August 23, 1939, and November 5, 1941, the dates of two codicils, the Federal income tax statute (Internal Revenue Code, § 162 [b], 52 U. S. Sts. at Large, 517) provided, contrary to the usual rule, that in cases like the present, where payments to beneficiaries could be made from both principal and income, the tax on trust net income should be assessed to and paid by the trust and not by the beneficiaries. See *Burnet* v. *Whitehouse*, 283 U. S. 148; *Helvering* v. *Butterworth*, 290 U. S. 365, 370. On October 21, 1942, the statute was amended so that if the distributable income of the trust exceeds the amount of the payments, the tax is to be paid by the beneficiaries. Revenue Act of 1942, § 111, 56 U. S. Sts. at Large, 809, U. S. C. (1940 ed.) Sup. V, Title 26, § 162 (d) (1). See *Frank H. Mason Trust* v. *Commissioner of Internal Revenue*, 136 Fed. (2d) 335 (C. C. A. 6).

The decree was right. The tax is imposed upon the net income of the trust estate, but is payable by the beneficiaries.

Such a tax still falls within the discretionary power of the trustees to pay "any and all taxes which may be imposed upon the principal or income of the trust estate." See *Kimball* v. *Maddison*, 286 Mass. 277. See also *Boston & Providence Railroad* v. *Old Colony Railroad*, 269 Mass. 190, 195; *Eastern Massachusetts Street Railway* v. *Boston Elevated Railway*, 310 Mass. 659, 663. We think that the testator by his will expressed an intent to authorize the trustees in their discretion to pay to the son the annuity in the stated amounts undiminished by any tax imposed upon the net income of the trust estate. It is not necessary to rewrite the will to reach this result, and this case does not fall within the principle of *Sohier* v. *Eldredge*, 103 Mass. 345, 350, and of *Holcombe* v. *Ginn*, 296 Mass. 415, 418. Nothing to the contrary is to be found in *Stony Brook Railroad* v. *Boston & Maine Railroad*, 260 Mass. 379.

Costs and expenses of this appeal may be allowed to the respondents or their counsel in the discretion of the Probate Court.

*Decree affirmed.*