McGuane, J.
This is an action of automobile consumer protection pursuant to Chapter 90, §7N and a count under Chapter 93A in which the plaintiff seeks to recover the cost of an automobile purchased from the defendant ($3,310) plus insurance, title, registration and sales tax costs, plus court costs, interest, attorneys fees and treble damages.
*46 The defendant’s answer was that the car did not require repairs sufficient to bring this sale within the reach of Chapter 90, §7N.
The Court found for the defendant and awarded costs of $5.50.
At trial there was evidence tending to show: the plaintiff took delivery of a used automobile from the defendant on December 4,1984. She had the auto inspected at Doug’s Auto in Chicopee, during which time it failed the emissions portion of the test. The plaintiff asked Doug’s for a statement of the reasons for failure and an estimate of the costs of repair. Doug’s provided the plaintiff with a signed computer printout and then demanded $30.00 for an estimate of the cost of repair. After contacting the Attorney General’s office for advice, the plaintiff went to another service station for an estimate of repair and delivered this estimate, a signed computer printout from the inspection station, a letter indicating her intention to void the sale and the auto to the defendant on December 11,1984.
The defendant refused to refund the plaintiffs money and threatened her with storage charges even though they admitted knowing of their obligation to refund the plaintiffs money.
The trial judge made no findings of fact and the plaintiff requested certain findings of fact which the Court declined to rule on.
The plaintiff also made requests for rulings of law and the trial court in denying the first request which was presented
“1. The plaintiff has complied with all the requirements of Chap. 90, section 7N.”
The court denied this request and stated “Denied, as I find as a fact that the plaintiff failed to comply with the requirements of Chap. 90, section 7N, in that she failed within ten (10) days from the date of her purchase of the vehicle from the defendant to furnish the defendant with a written statement signed by an authorized agent of the inspection station stating the reasons why the vehicle failed to pass the prerequisite inspection.”
The plaintiffs claim of report is based on the Court’s failure to rule on plaintiffs requests for findings of fact and on the Court’s rulings on the plaintiffs request for ruling of law or, as labeled in the report, as “Conclusions of Law”.
The Court in ruling on the plaintiffs first request, which is outlined above, denied it and certain findings of fact were made by the trial court in connection with that request. It appears that the Court made a finding of fact that the plaintiff failed to furnish the defendant with a written statement signed by an authorized agent of the inspection station stating the reasons why the vehicle failed to pass the prerequisite inspection.
The Court finds that the above finding of fact has no basis from the testimony referred to in the report and finds reversible error in this case.
The plaintiff in any case is required to prove each element essential to his prima facie case.
A failure to prove an essential element is fatal to his or her case as a matter of law.
In the case of Heintz v. Angelo Malvone, 1980 Mass. Appellate Division 157, a very similar fact situation emerged. In that case, no reported evidence that the service station was an inspection station licensed pursuant to General Laws Chap. 90, sec. 7W nor does it contain evidence that the buyer furnished the defendant “a written statement signed by an authorized agent of (a licensed) inspection station stating why the motor vehicle failed to pass the inspection and an estimate of the cost of necessary repairs.”
The Court’s findings of fact are not part of the trial record and must be *47 supported by reported evidence. Pettinella v. Worcester, 39 Mass. App. Decisions 7, 9 (1967).
Although findings of fact as such are not reversible, we may review the question as to whether as a matter of law the ultimate finding is either warranted or required by those facts. Soulier v. Kaplow, 330 Mass. 371, 374 (1939).
Consumer Protection laws would be meaningless in this case if a consumer’s claim could be defeated by a third party (the inspection station) (a) by refusing to give a signed statement of the reason for failure to pass the test or (b) by charging for the estimate to repair or correct the test. This puts compliance with the statute outside the control of the consumer and a ready victim of sharp and unprincipled operators.
We find prejudicial error in this matter and vacate the finding for defendant and return for a new trial.