Bohn, J.
This is an action in contract through which the plaintiff seeks to' recover $10,000.00 paid to the defendants as a deposit for the purchase of the defendants’ property. In their answer, the defendants deny that the plaintiff is entitled to the return of his deposit and, through a counterclaim, seek. $60,000.00 in damages for the difference between the contract price agreed to by the plaintiff and the amount actually received when the property was-eventually sold. Trial was conducted in the Malden Division of the District Court Department on August 19, 1988. Following that trial, the court filed' special findings of fact and rulings of law and entered judgment for the plaintiff on both the claim and the counterclaim.
The evidence reported to this court may be summarized as follows: On. October 25,.1985, the plaintiff and defendants executed a purchase and sale agreement in which the plaintiff agreed to purchase the defendants’ property, located at 143-145 Main Street, Melrose, Massachusetts for a price of $260,000.00. At the time the agreement was signed, the plaintiff paid-$10,000.00 to the defendants as a deposit on the purchase of the property.
Among the various terms of the contract was a provision for the inspection of the property. That provision, included as Paragraph 35 of the purchase and sale agreement, states as follows:
The Buyer may, at his own expense and on or before November 20, 1985, have the property inspected by a person engaged in the business of conducting home inspections. If it is the opinion of such inspector that the property contains serious structural, mechanical or other defects, then the Buyer shall have the option of revoking the offer by this written notice (registered mail, return receipt requested), to Seller, prior to November 20,1985, whereupon all deposits made by the Buyer to the Seller shall be forthwith refunded and this offer shall become null and void and without further recourse to any party. Emphasis added.
In early November, 1985, the plaintiff did employ an inspector and the premises were evaluated. On November 7, 1985, that inspector issued his' written report which, among other things, communicated his opinion that there were on the property serious mechanical and other defects including ' water léate, pitched floors causing puddles, exposed toilets emitting gases and *155 a sagging roof. Accordingly, on November 12,1985, pursuant to the provisions of paragraph 35 of the purchase and sale agreement, the plaintiff advised the defendants by registered mail, return receipt requested, of his intention to revoke his offer, and requested the return of his $10,000.00. The defendants refused. The plaintiff then filed his complaint.
In its written “Findings and Rulings,” the trial court found the defendants had breached the terms of the purchase and sale agreement when they refused to return the plaintiffs deposit after the plaintiff had made a proper and timely demand. The court also found specifically that the plaintiffs demand was based on the November 7, 1985 Report as provided for by paragraph 35 of the agreement.
In their appeal before this Division, the defendants argue that the plaintiffs failure at trial to introduce into evidence the inspector’s report constitutes a failure of proof on the part of the plaintiff and provides insufficient evidence to substantiate the trial court’s subsidiary findings that the property contained substantial defects. Additionally, the defendants argue that the trial court’s findings, both subsidiary and ultimate, are clearly erroneous, plainly wrong and therefore reversible by this Division. Both arguments, however, must fail.
The arguments advanced by the defendants are premised on a requirement in the purchase and sale agreement that simply does not exist, i.e. that the' Court find that the property contained substantial defects. That is not the lánguage of the agreement. The agreement requires the Court to determine whether a “person engaged in the business of conducting home inspections” was employed by the plaintiffs to inspect the property and whether that person — not the Court — was of the opinion that the property contained a substantial defect. When the provisions of a contract are clear and unambiguous, that contract must be enforced according to its terms. See Freelander v. G & K Realty Corp., 357 Mass. 512, (1970); Sherman v. Employers 'Liability Assurance Corporation, Ltd., 343 Mass. 354, 356 (1961). See also RESTATEMENT (SECOND) OF CONTRACTS, § 202.
The Report in this case, and the trial court’s written Findings and Rulings incorporated by reference to that Report, show that during the proceedings in the Malden District Court the person “engaged in the business of conducting home inspections” employed by the plaintiff to inspect the Melrose property appeared and testified that he had viewed the premises on November 5,1985; that he had published a written report, and that, in his opinion the premises were marred by “serious mechanical defects and other defects, to wit, water leaks, pitched floors causing puddles, exposed toilets emitting gas, sagging of the roof and other defects.” As a general rule, findings of fact entered by a trial court in an action tried without a jury “shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” Dist./Mun. R. Civ. P., Rule 52(a); New England Canteen Services, Inc. v. Ashley, 372 Mass. 671, 675 (1977); Peggy Lawton Kitchens, Inc. v. Hogan, 18 Mass. App. 937, 938, 466 N.E. 2d 138 (1984); Massachusetts Electric Co. v. Pacific National Inv. Corp., 9 Mass. App. Ct. 752, 753 (1980); Hastoupis v. Gargas, 9 Mass. App. Ct. 27, 28 (1980). This “clearly, erroneous” rule has generally been interpreted as requiring a “firm conviction on the part of an appellate court that, based on the entire evidence, a mistake has been made.” See Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 161 (1977); New England Canteen Services, Inc. v. Ashley, supra at 675; Capitol Bank and Trust Co. v. Richman, 19 Mass. App. Ct. 515, 519 (1985); Ricky Smith Pontiac Inc. v. Subaru of New England, Inc., 14 Mass. App. 396, 405 (1982).
*156 In the present case, the trial court found that the plaintiff did employ a person engaged in the business of conducting home inspections to inspect the realty; that an inspection was conducted on the realty with the plaintiff on or about November 5, 1985; and that in the opinion of the inspector, his evaluation of the property disclosed “serious mechanical defects and other serious defects, to wit, water leaks, pitched floors causing puddles, exposed toilet emitting gas, sagging roof and other defects." Given the limited issue to be decided in this case, the trial court’s findings of fact are not clearly erroneous and will not be disturbed by this Division. See Freyermull v. Lufty, 376 Mass. 612, 615 (1978).
The defendants’ argument that the findings are not supported by the evidence because the expert’s written report was not offered is spurious. First, there is no requirement in the agreement that there be a report, only that there be a person who viewed the property and formed an opinion regarding its condition. For that reason, the report of the expert in this case is simply a collateral document, and there is no requirement under the best evidence rule that it be produced. See generally, LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE (Fifth Ed.) 372. Moreover, the best evidence rule is a preferential rule rather than an exclusionary rule. Fauci v. Mulready, 337 Mass. 532, 540 (1958). And it is for the trial court to weigh the value of any secondary evidence.
Second, the author of the report did appear at trial and did testify to his ..observations. The defendants had access to the report and could have used the document to cross examine if they perceived any inconsistency. The trial court accepted the expert’s testimony as evidence that he had examined the premises and had found substantial defects. That determination is entitled to d eference from this Division, particularly given the fact that the trial court had the opportunity to judge the credibility of the witness. See Massachusetts Electric Co. v. Pacific National Inventory Corp., 9 Mass. App. 752 (1980); Ward v. Grant, 9 Mass. App. Ct. 364 (1980); C. C. & T. Construction Co., Inc. v. Coleman Bros. Corp., 8 Mass. App. 133 (1979).
The report is dismissed.