Kane, J.
This appeal challenges actions by the trial judge in finding defendants William McKeone and Fal Con Construction Corporation liable for breaches of certain agreements and in finding Fal Con Construction Corporation[2] liable under M.G.Lc. 93A. We review these claims of error by examining the trial judge’s report of the *47 proceedings.
This report discloses a multi-count complaint accusing McKeone and Fal Con of breaching an agreement to pay fifty thousand dollars for use of plaintiffs business name; charging Fal Con with violating M.G.Lc. 93A by its conduct in avoiding payment and accusing McKeone of not paying monies due under an account annexed. Defendants’ answers deny that McKeone was party to any agreement for use of plaintiffs business name and alternatively claim that if any agreement existed plaintiff breached it.
We now review the evidence of an agreement to use plaintiffs business name. Evidence of this agreement was offered by two letters, one signed by William J. McKeone, President, and the other signed by David Wald, President, Falmouth Building Co., Inc. In his letter, McKeone acknowledged to Wald that fifty thousand dollars would be paid for use by McKeone’s new corporation of the name Falmouth Building Company. On the same day, Wald, in a letter bearing Falmouth Building Co., Inc., informed interested parties of avote by Falmouth Building Co., Inc.’s, Board of Directors authorizing a pre-nascent Falmouth Building Co. Commercial Division, Inc., to use the Falmouth Building Company name. This authorization letter was attached to the Articles of Incorporation for Falmouth Building Co. Commercial Division, Inc.,[3] that were filed in the Secretary of State’s office on January 22,1986. This agreement, McKeone testified, was breached five days later by Wald’s order, emanating from a fear of lawsuits, that Falmouth Commercial cease using the name Falmouth Building Company. Secretary of State records show that a Falmouth Commercial name change request[4] dated January 27,1986, was filed on February 26, 1986. Wald testified that he did not ask defendants to stop using the Falmouth Building Company name.
Upon this evidence, the trial judge found an agreement by McKeone and Falmouth Commercial to pay fifty thousand dollars to Falmouth Building Co., Inc., for use of the name Falmouth Building Company. Plaintiff, the Court found, honored its obligation while defendant, despite using the name to secure a building contract, paid plaintiff nothing and avoided payment by its February 26 name change, a violation of M.G.Lc. 93A.
As to the claim on an account annexed bearing the name Falmouth Trust, Wald testified that Falmouth Building Co., Inc., is not the owner of the property referred to in the account annexed and that the account annexed is a statement of Falmouth Square Trust. No other evidence established any legal or beneficial relationship between Falmouth Square Trust and plaintiff. The trial judge found for the plaintiff.
We now turn to defendants’ claims of error in the trial judge finding defendants parties to the agreement for use of a business name and in finding the corporate defendant liable under M.G.Lc. 93A for changing its name to avoid payment. The January 21 letters certainly warranted a finding of an exchange of promises and one party to that exchange was Falmouth Building Co., Inc., as Wald’s signature followed by his corporate position established his corporate capacity. See M.G.Lc. 106, §3-403. The other party was not Falmouth Commercial, as a prenatal corporation is incapable of contracting.[5] Hushion v. McBride, 296 Mass. 417 (1936). Falmouth Commercial, not being a party to this agreement, committed no 93 A violation by not paying. This leaves McKeone, the promoter of this corporation, and a promoter can be liable “unless the *48 circumstances demonstrate that the other party looked only to the corporation for performance.” Productora e Importadora de Papel, S.A. de C. V. v. Fleming, 376 Mass. 826, 836 (1978). A claim that plaintiff solely looked to the unformed corporation for performance is undermined by plaintiff’s January 21 letter not being addressed to the coiporation but directed to interested individuals which certainly included McKeone. This approach to McKeone is strengthened by a reading of McKeone’s January 21 letter where he speaks of the unformed corporation in the possessive. This, then, is not a case where the sole focus was upon the unformed corporation; and, thus, the finding of promoter liability was proper.
Defendant McKeone further clams that the trial judge’s finding for plaintiff on the account annexed count is inconsistent with Civil Rule 17’s requirement that an action be prosecuted by the real party in interest. Rule 17’s requirement that an action be maintained by the real party in interest is intended “to assure that a defendant is only required to defend an action brought by a proper plaintiff....” Mass. Assoc. of Ind. Ins. Agents and Brokers, Inc. v. Commr. of Ins., 373 Mass. 290, 297 (1977). Enforcement of this protection, although logically associated with pretrial measures, may either be soughtbeforetrialorduring trial. J.W.SMITH AND H.B.ZOBEL, RULES PRACTICE §17.1 (1975). During the trial of this action, defendant sought from the trial judge a ruling thatplaintiffwas not the real party in interest to maintain an action on an account annexed of Falmouth SquareTrust Denying this request, the trialjudge declared that the facts did not establish Falmouth Square Trustas the real party in interest. Mindful of the trial judge’s primary role as a finder of fact, we review this finding only to determine if it is clearly erroneous with “due regard given to the opportunity of the Trial Court to judge the credibility of witnesses.” Capuano v. Bransford, 1989 Mass. App. Div. 154, 155. Clearly erroneous means a “*5110 conviction on the part of an appellate court that, based on the entire evidence, a mistake has been made.’” Id. at 155. In other words, was the reported evidence clearly inconsistent with the trial judge’s finding? Boisjolie v. Casey Chevrolet, Inc., 1987 Mass. App. Div. 45, 46-47. Following this review formula, we examine the trial judge’s report to see if the finding is supported by the reported evidence. The report discloses no evidence of any beneficial or legal interest of plaintiff in the account annexed. Rather, the evidence discloses that the account annexed is a statement by Falmouth SquareTrust of credits and debits between McKeone and Falmouth SquareTrust. As the reported evidence is clearly inconsistent with the finding that plaintiff, not Falmouth Square Trust, is the real party in interest, we find error.
Accordingly, we affirm the judgment for plaintiff on Count IV and set aside judgments for plaintiff on Counts I, II, and VI and order that judgment on those counts, respectively, enter for Fal Con Construction Corporation and William McKeone.[6]

 Fal Con Construction Corporation is hereinafter referred to as Fal Con.

 Falmouth Building Co. Commercial Division, Inc., is hereinafter referred to as Falmouth Commercial.

 Falmouth Commercial was changed to Fal Con Construction Corporation.

 Plaintiff s complaint claims that Falmouth Commercial was a party to an express agreement created on January 21,1986, and the trial judge found that Falmouth Commercial was a party to the “original agreement” (see Report pages 1,4). Accordingly, we do not consider if Falmouth Commercial, after its incorporation, impliedly agreed to pay plaintiff fifty thousand dollars for use of its business name. See Albiani v. Loudd, 4 Mass. App. Ct. 164 (1976).

 We do not address Counts III and V, as the appeal did not raise them.