Kane, J.
Plaintiff asks us to determine if the trial judge erred in finding that defendant, acting as a bailee for hire, exercised due care. The following facts guide our review.
Plaintiff took his truck to Sears for installation of a bedliner. Sears is located in the South Shore Plaza where plaintiff works. Plaintiff instructed Sears to call him when the work was done. Upon installing the bedliner, Sears, without calling, moved the truck from its enclosed garage to a public parking space; locked it; and secured the keys. This parking space is more centrally located than the public parking space uniformly used by plaintiff. Plaintiff returned to Sears at 5 p.m. and discovered that the truck had been stolen.
Decisional law imposes upon a bailee for hire, namely, Sears, the burden to prove that it exercised due care to prevent loss or harm to the customer’s property. Knowles v. Gilchrist, 362 Mass. 642 (1972). Otherwise stated, the law calls upon Sears to satisfy the trier of fact that it “exercise[d] that degree of care which would reasonably be expected from an ordinary prudent man in similar circumstances.” Wright v. Heil Equipment Co., 357 Mass. 74, 75-76 (1970) quoting from Butler v. Bowdoin, 329 Mass. 28. Degree of care defined by case circumstances is a question of fact reserved to the trier of fact. See Rabinovitzch v. Seacrest Cadillac-Pontiac, Inc., 368 Mass. 814 (1975). A finding of fact will be disturbed only by a showing that the finding is clearly erroneous. See Boisjolie v. Casey Chevrolet, Inc., 1987 Mass. App. Div. 45, 46-47.
A heightened duly of care, plaintiff argues, applies to this case because of the truck’s considerable value. This argument fails because there is no evidence of the truck’s value. Without value evidence, the truck’s value could only be arbitrarily selected from a range of hundreds of dollars to thousands of dollars. Such guesswork, violating rationality, cannot serve as the basis for a heightened due care definition.
Plaintiff must argue that due care as ordinarily defined is necessarily violated by Sears’ relocating the truck from an enclosed garage to a public parking space. This act that plaintiff characterizes as remiss also appears considerate as one considers plaintiff’s convenience in not having to interrupt work to engage in the same maneuver. Yet, one may argue that Sears neglected to consult with its customer. But, neglect of a customer is not necessarily synonymous with neglect of the customer’s property. This customer’s property was secured by Sears at a location bearing no greater riskfor theft than many public and private parking spots. Indeed, this ordinary risk mirrors the risk plaintiff ordinarily tolerated in using public parking. Paralleling plaintiff’s customary care, defendant’s care involving ordinary risk may be defined as *186 the care expected of an ordinary prudent person. The trial judge’s decision is affirmed.[1]

 Plaintiff also argues briefly that the trial judge’s rulings and findings conflict with the judgment We address briefly these challenges: Ruling 3 coincides with the judgment as it declares that plaintiff is not entitled as a matter of law to a judgment Ruling 6 correctly rejects the proposition that plaintiff s due care automatically translates into defendant s lack of due care. Findings 4 and 8 consistently express defendants due care.