OPINION.
Plaintiffs-appellants, the Fifth Third Bank and Nelson Schwab, Jr., trustees of a trust established under the 1957 will of Lowe E. Simpson, appeal from the probate court's refusal to amend the terms of the trust. The appellees, the three sons of the settlor, in these unusual circumstances, join the trustees in requesting reversal. The principle issue is whether the probate court abused its discretion by denying the unopposed request to give two of the settlor's sons a special testamentary power of appointment. Because the probate court did not act arbitrarily, unconscionably, or unreasonably in exercising its discretion, the appeal must fail.
In their complaint for declaratory relief to reform the trust agreement, the trustee, with the approval of the other family members, wanted special testamentary powers of appointment given to Orville Simpson II, age 75, and Jeremy F. Simpson, age 66, both unmarried and without issue. See t.d. 1; t.p. 12. These powers, which would have allowed each individual to appoint half of the trust estate to the lineal descendants of their grandparents or to qualified charities, were sought to minimize the taxes on assets passing under the trust. Without special powers of appointment, the trust property remains in Orville and Jeremy's gross estates and could be subject to combined federal and Ohio estate taxes in excess of 55%. See Section 2041 of the Internal Revenue Code.
The standard of review applicable to claims for equitable relief is abuse of discretion. See Sandusky Properties v. Aveni
(1984), 15 Ohio St.3d 273, 274-275, 473 N.E.2d 798, 800. This court must determine whether the probate court, sitting as a court of equity, abused its discretion in denying the reformation. Abuse of discretion implies not merely an error of judgment, but a result that is so palpably and grossly violative of fact and logic that it evinces a perversity of will, passion, prejudice, partiality, or moral delinquency. See State v. Jenkins (1984),15 Ohio St.3d 164, 473 N.E.2d 264. To abuse its discretion, a court must have acted unreasonably, arbitrarily, or unconscionably. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87, 482 N.E.2d 1248, 1252. Absent evidence of such action, we will not disturb the trial court's decision, even if we would have reached a different result. See AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.
This court has noted that a settlor's intent would normally be to minimize tax liability. See Wittenburg Univ. v. Waterworth
(1984), 13 Ohio App.3d 452, 455, 469 N.E.2d 970, 972. Nonetheless, the Ohio Supreme Court has admonished that "[w]hen construing provisions of a trust, [a court's] primary duty is to `ascertain, within the bounds of the law, the intent of the * * * settlor.'Domo v. McCarthy (1993), 66 Ohio St.3d 312, 314, 612 N.E.2d 706,708. The express language of the trust guides the court in determining the intentions of the settlor. Casey v. Gallagher
(1967), 11 Ohio St.2d 42, 40 O.O.2d 55, 227 N.E.2d 801." In theMatter of Brooke (1998), 82 Ohio St.3d 553, 557, 697 N.E.2d 191,194.
Indeed the Ohio Supreme Court has noted that where a testator expressed no intention regarding the ultimate impact of the federal estate tax, "`[c]ourts cannot speculate concerning the intention of the settlor * * *. The instrument as written must govern. * * * In the absence of a definite declaration on the subject it must be presumed that the intention was that the ultimate weight of taxation must rest where the law places it."McDougall v. Cent. Natl. Bank of Cleveland (1952), 157 Ohio St. 45,56-57, 104 N.E.2d 441, 446-447, quoting Bemis v. Converse
(1923), 246 Mass. 131, 134, 140 N.E. 686, 687.
Here, as the trustees contend, the settlor probably did not contemplate that none of his sons would have issue. Nonetheless, while the trustees were granted wide discretion in administering the trust, we note that they offered no evidence of a duty, under the specific terms of the trust, to avoid taxation. Moreover, the express language of the trust makes no provision for special testamentary powers of appointment for the two sons. Rather, it provides that the "first and primary charge" of the trust is the care and treatment of the settlor's third son, Lowe, Jr., who, "as a result of his service during World War II, sustained a disability" that has required long-term care. Beyond that direction, the trustees are given broad discretion to use the income and principal of the trust "for the benefit of my children." After the death of Lowe, Jr., the balance of the trust is to be divided between Orville and Jeremy or among their issueper stirpes. No provision is made for the lineal descendants of the sons' grandparents. Based upon this language, we cannot say that the probate court abused its discretion in refusing to grant the equitable relief sought pursuant to R.C. 2107.46. The first assignment of error is overruled.
In their second assignment of error, the trustees contend that the probate court failed to give them notice that they had a burden of persuasion in this matter, where no person or entity with standing had opposed the proposed amendment of the trust. The record shows otherwise.
The parties received notice of and did attend the April 13, 1998, hearing on the complaint for declaratory relief. In their pretrial statement, filed with the probate court on April 6, 1998, the trustees indicated, in paragraph five, that they had the burden of demonstrating by a preponderance of the evidence that the trust could be amended to provide for special testamentary powers of appointment for Orville and Jeremy Simpson. At the hearing, evidence as to the settlor's intent was adduced from Nelson Schwab, Jr., a trustee and life-long friend of the Simpson family. At the conclusion of the hearing, the probate court gave the trustees two weeks to brief the issue of how the proposed special powers of appointment would minimize the tax burden on the estate. It cannot be said that the trustees were lulled into a false sense that they had no burden in this proceeding. The second assignment of error is overruled.
Therefore, the judgment of the probate court is affirmed.
Judgment affirmed.
 Sundermann, J., concurs.
Hildebrandt, P.J., dissents.